**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action and Collective Action Complaint for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). (Docs. 26-27,[1] "Motion to Dismiss"; Doc. 32, "Reply".) Plaintiffs opposed the Motion to Dismiss and moved to strike portions of Defendants' Reply, or alternatively, for leave to file a sur-reply.[2] (Doc. 28, "Resp."; Doc. 33. "Motion to Strike") The Court has considered Plaintiffs' Second Amended Class Action and Collective Action Complaint ("SAC"), the pleadings, and relevant law and issues this Order. The Defendants' Motion to Dismiss is granted with leave for Plaintiffs to amend their SAC.

---

[1] Defendants' motion is split between Docs. 26 and 27, with the first page in the former and other seven in latter. The Court's page number citations concerning their motion refer to the numbers printed at the top of each page in Doc. 27.

[2] Plaintiffs, but not Defendants, requested oral argument on the motion to dismiss. (Doc. 33 at 2.) That request was not made in conformance with Local Rule 7.2(f) because it was made in their motion to strike or leave to amend. Nonetheless, the Court finds that a hearing would be unnecessary to resolve the motion. LRCiv 7.2(f).

## I. BACKGROUND

Three named chauffer drivers (Plaintiffs) bring these collective actions and class action claims against their former employers (Defendants) on behalf of all similarly situated employees for Defendants' alleged failure to compensate minimum and overtime wages. (Doc. 25 at 2.) Defendants are privately owned chauffer service companies in Arizona, Utah, and Wyoming and their owners and officers.[3] (*Id.* at 1.) [1] Defendants Driver Provider Phoenix, LLC, Driver Provider Management, LLC, and Driver Provider Leasing, LLC, owned by Defendant Jason Kaplan, have the same principal place of business in Arizona and are incorporated under Arizona law. (*Id.* at 3.) Kaplan is also the Director, President, CEO, and 20% shareholder of two additional companies incorporated under Arizona law: Defendants Innovative Transportation of Sedona, LLC and Innovative Transportation of Tucson, LLC. (*Id.* at 3.) Defendant Innovative Transportation Solutions, LLC, is organized under Wyoming law with its principal office there, and Kaplan is identified in its business filings as its CEO. (*Id.* at 4.) Defendant Innovative Solutions, Inc. (Utah) is incorporated under Utah law with its principal office in Utah. (*Id.* at 4.) Plaintiffs worked for Defendants for various times from 2016 through 2019. (*Id.* at 3.)

As employees for these companies, Plaintiffs chauffeured customers to and from various locations using Defendants' vehicles. (*Id.* at 1-2.) The Driver Provider owned 137 of such vehicles, which weighed both over and under 10,000 pounds. (*Id.* at 10.) The Driver Provider owned not only shuttle busses, executive vans, and coaches designed to carry more than eight passengers and weighing over 10,000 pounds, but also sedans and sport utility vehicles (SUVs) designed to carry less than eight passengers and weighing under 10,000 pounds. (*Id.* at 10.)

In addition to driving the vehicles, Plaintiffs also allegedly spent time on-call and standby, traveling to pick-up passengers and return vehicles, "waiting for passengers, checking out vehicles, inspecting vehicles, checking-in vehicles, entering vehicle and ride

---

[3] Plaintiff also brings suit against Does 1-10. (Doc. 25 at 4.) Does 1-10 are not named because Plaintiff could not currently ascertain names and capacities. (*Id.*)

information in software programs, swapping vehicles, fueling vehicles, performing maintenance (like refilling washer fluid), stocking vehicles with amenities before trips, cleaning out vehicles after trips, picking up and dropping off equipment used during work time (e.g. computer tablets)." (*Id.* at 11.) Defendants "assigned," "were aware of," or "permitted" all work. (*Id.* at 12.) Given the host of duties in addition to transporting passengers, Plaintiffs claim they regularly worked longer than a 40-hour workweek, but Defendants failed to accurately track their hours. (*Id.* at 11.) Of those hours Defendants did account for, Plaintiffs also assert that Defendants failed to pay the correct minimum wage. (*Id.* at 11.)

Plaintiffs bring three claims: Count I alleges Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay overtime wages, all hours worked by employees, and minimum wage; Count II alleges Defendants violated the Arizona Wage Act ("AWA"), A.R.S § 23-350, *et seq.*, by failing to pay overtime to employees; and Count III alleges Defendants violated the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-362, *et seq.*, by failing to pay employees minimum wage. (*Id.* at 1, 6, 13-15.) Plaintiffs seek several forms of relief, including declarations, damages, and collective action and class certification. (*Id.* at 15-16.)

**II.    LEGAL STANDARD**

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the

complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III. ANALYSIS

#### A. Plaintiff's Motion to Strike

As an initial matter, the Court has examined the Plaintiff's Motion to Strike. (Doc. 33.) District courts "may decline to consider new evidence or arguments raised in reply, and generally 'should not consider the new evidence without giving the non-movant an opportunity to respond.'" *Townsend v. Monster Beverage Corp.*, 303 F.Supp.3d 1010, 1027 (C.D. Cal. 2018) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citations omitted)). The court has examined all 14 instances in which the Plaintiffs claim that the

Defendants have raised new arguments, provided new evidence, or made misstatements in their Reply. (Doc. 33 at 4-5.)  The Court finds that all 14 portions of Defendants Reply cited by the Plaintiffs all address issued raised in the original motion or response, and thus, all 14 sections of Defendants' Reply cited by Plaintiffs are proper. Therefore, the Court denies Plaintiff's Motion to Strike. (Doc. 33.)

### B. FLSA Taxicab Exemption

In their Motion to Dismiss, Defendants argue they are exempt from paying overtime under the FLSA because they qualify for the taxicab exemption. *See* 29 U.S.C. § 213(b)(17). (Doc. 27 at 4-6.) In their Response, Plaintiffs argue that (1) Plaintiffs are not required to plead the absence of an FLSA exemption; (2) the applicability of the taxicab exemption is fact-intensive and therefore inappropriate to resolve on a motion to dismiss; and (3) the SAC does not establish the applicability of the taxicab exemption. (Mot. at 3-12.)

Courts may consider an affirmative defense on a motion to dismiss when there is "'some obvious bar to securing relief on the face of the complaint.'" *U.S. Commodity Futures Trading Comm'n. v. Monex Credit Co.*, 931 F. 3d 966, 973 (9th Cir. 2019) (quoting *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). "'In other words, dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense.'" *Id*. "If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO*, 765 F.3d at 1004 (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). Generally, "application of an FLSA exemption 'is a matter of affirmative defense on which the employer has the burden of proof' as to whether the exemption applies." *Cameron v. Avalon Mobility Inc.*, No. CV-15-00963-PHX-JAT, 2017 WL 3593715 at *4 (D. Ariz. Aug. 21, 2017) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 197 (1974)). Courts should construe FLSA exemptions with a "'fair (rather than a 'narrow') interpretation.'" *Encino Motorcars, LLC v. Navarro*, 138 S.Ct. 1134, 1142 (2018).

The FLSA states that maximum hour requirements shall not apply with respect to "any driver employed by an employer engaged in the business of operating taxicabs." 29 U.S.C. § 213(b)(17). Since the FLSA itself does not define taxicab, the parties argue regarding definitions the Court should use. The Defendants argue for the Second Circuit's definition of "taxicab" regarding the FLSA exemption. *See Munoz-Gonzalez v. D.L.C. Limousine Service, Inc.*, 904 F.3d 208, 214-15 (2nd Cir. 2018) (a taxicab is: "(1) a chauffeured passenger vehicle; (2) available for hire by individual members of the general public; (3) that has no fixed schedule, fixed route, or fixed termini."). The Plaintiffs argue for the use of the definition in the Department of Labor's Field Operation Handbook ("FOH") and expounded upon by a Department of Labor opinion letter from 1998. Dep't of Labor, Wage and Hour Division, FOH § 24h01; Opinion Letter (FLSA), 1998 WL 852774 at *1 ("The ordinary meaning of that term contemplates vehicles that are offered for hire to the general public on city streets. While it is not necessary that all the transportation be provided to persons who 'flag down' the vehicles, that is an important aspect of the common meaning of 'taxicab' …").

The Court finds that no matter which definition is used, the SAC does not establish the affirmative defense of the taxicab exemption. While the allegations in the compliant satisfy the first and third elements of the definition of taxicab found in the *Munoz-Gonsalez* decision, they do not satisfy the second element. *See* 904 F.3d at 2014. Nowhere in the SAC do the allegations state whether Defendants' vehicles are available for hire by individual members of the general public, a requirement of both definitions. The allegations in the SAC simply state that "The Driver Provider employs 'chauffeur' drivers who, among other things, drive Defendants' vehicles, pick up Defendants' customers at various locations, and drop off Defendants' customers at various locations." (Doc. 25 at ¶ 4.) The SAC is also silent regarding whether the Defendants allow members of the public to "flag down" their vehicles. Therefore, whether the Court were to use the definition of taxicab proposed by the Plaintiffs or Defendants, the affirmative defense of the taxicab exemption is not clear on the face of the SAC, and the Court declines to take judicial notice

of the Defendants' webpage.

In their Motion to Dismiss, Defendants include the conclusory statement that "it is undisputed that The Driver Provider's services are available for hire by individual members of the general public." (Doc. 27 at 6.) In their Reply, the Defendants invite the Court to take judicial notice of The Driver Provider's Website relying on *Zandonatti v. Dual Path LLC*. No. CV-16-04052-PHX-ROX, 2017 WL 5668024 at *2 (D. Ariz. Mar. 24, 2017). (Doc. 32 at 5-6.) However, the Court finds that it would be improper to take judicial notice of Defendants' website. *See Victaulic Co. v. Tieman*, 499 F.3d 227, 237 (3d Cir. 2007), *as amended* (Nov. 20, 2007) ("Taking a bare 'fact' that is reflected not in the pleadings, but on a corporate website, and then drawing inferences *against* the non-moving party so as to dismiss its well-pleaded claims on the basis of an affirmative defense, takes us, as a matter of process, far too afield from the adversarial context of litigation."). The case relied upon by the Defendants, *Zandonatti*, is far different than the case here. 2017 WL 5668024 at *2. In *Zandonatti*, one of the Plaintiffs' claims was based on a website used by the defendants, and the court therefore found that the website was "incorporated into the complaint" and that the court could properly consider a printout of the website while deciding the defendants' motion to dismiss. *Id*. Here, the Defendants' website is not the genesis of the claims, and the Court therefore refuses to consider or take judicial notice of it.

Since the affirmative defense is not established on the face of the SAC, the Court agrees with the Plaintiffs that the determination of whether the affirmative defense applies is better suited for the motion for summary judgment stage. *Accord Martinez v. Citizen's Taxi Dispatch, Inc.*, No. 16-CV-10389, 2017 WL 2311231, at *5 (N.D. Ill. May 26, 2017) (finding that the taxicab exemption question was better left for the summary judgment or trial stage). Therefore, the Court denies Defendants Motion to Dismiss based on their argument that the taxicab exemption applies.

### C. Failure to State a Claim

Defendants next argue that Plaintiffs' SAC should be dismissed because it makes only "generic, bare-bones allegations that fail to state a claim upon which relief can be

granted." (Doc. 27 at 6.)

Defendants rely on *Landers v. Quality Commc'ns, Inc.* for the proposition that the Plaintiffs "should be able to allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtimes wages." 771 F.3d 638, 646 (9th Cir. 2014). In *Landers*, the Ninth Circuit determined that "[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644-45. However, the court in *Landers* declined to require the plaintiff to make an approximation of overtime hours worked in order for his claims to meet the plausibility standard because that information was in the control of the defendants. *Id.* at 645. The court went on to rule that the plaintiff in *Landers* failed to state a plausible claim for relief under the FLSA because he failed to include "any detail regarding a given workweek when [plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or failed to pay minimum wages and/or overtime wages for the hours worked by [plaintiff]." *Id.* at 646. Therefore, in order to sufficiently allege a plausible claim for relief under the FLSA, the Plaintiffs must, at a minimum, "allege at least one workweek when [they] worked in excess of forty hours and [were] not paid for the excess hours in that workweek, or [were] not paid minimum wages." *Id.* at 646.

Here, the Plaintiffs fail to allege a "given week" in which they worked more than forty hours and failed to receive overtime. They furthermore fail to allege a given workweek in which they worked hours for which they did not receive the minimum wage. Additionally, here, as in *Landers*, the Plaintiffs are suing on their own behalves along with others similarly situated. Thus, the fact that the Plaintiffs here are seeking class certification does not excuse them from alleging the named Plaintiffs' claims with sufficient factual detail. Therefore, Plaintiffs' FLSA claim must be dismissed.

Plaintiffs' AWA and AMWA claims similarly should be dismissed. As with their FLSA claim, Plaintiffs' claims for unpaid wages under the AWA and for the failure to pay

minimum wage under the AMWA lack the specificity required to meet the plausibility standard under *Twobly* and *Iqbal*. Specifically, Plaintiffs allege no given week(s) in which Defendants failed to pay Plaintiffs minimum wage or failed to pay overtime for hours worked in excess of forty per week. Instead, Plaintiffs simply allege Defendants failed to pay overtime and failed to pay minimum wage without specific details about when the hours were worked. (Doc. 25 at ¶¶ 76-77, 82-83.) Thus, the Court finds that the facts alleged for Plaintiffs' AWA and AMWA lack specificity and should be dismissed pursuant to Rule 12(b)(6).

### D. Leave to Amend

When a motion to dismiss based on Rule 12(b)(6) is granted, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

Here, it appears the Plaintiffs' SAC can be cured by the addition of more specific allegations such as at least some of the particular weeks Plaintiffs claim they were not paid overtime and/or minimum wages. Thus, the Court grants the Plaintiffs leave to amend the SAC.

### IV. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** denying Plaintiff's Motion to Strike. (Doc. 33.)

**IT IS FURTHER ORDERED** granting Defendants Motion to Dismiss (Docs. 26-27.) and dismissing Plaintiffs' Second Amended Complaint (Doc. 25.) under Rule 12(b)(6) for the failure to state a claim upon which relief can be granted.

///
///
///
///

**IT IS FURTHER ORDERED** granting Plaintiffs leave to file an amended complaint within thirty (30) days of the date this Order is entered. If no amended complain is filed within 30 days, then the Clerk of Court is directed to terminate this case.

Dated this 24th day of September, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge