**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Pending before this Court are pending issues from Plaintiffs' Motion for Conditional Certification and Appointment of Interim FLSA Counsel. (Doc. 38.) Defendants responded, (Doc. 60), and Plaintiffs replied. (Doc. 64.) Oral argument was held on the motion on March 23, 2021. At oral argument, the Court granted Plaintiffs' request to certify its claims as a collective action pursuant to the FLSA. (Doc. 91.) After oral argument, the parties conferred on a Notice and Consent to Sue form to be sent to potential collective action members. The parties were unable to agree on several provisions of the notice. The Court will address those issues in this order as well. The Court has considered the pleadings and the relevant authority and issues the following order.

**I.  BACKGROUND**

Plaintiffs, chauffeur drivers who worked for The Driver Provider in Arizona, Utah, and Wyoming, filed this lawsuit against Defendants on behalf of themselves and all similarly situated employees for Defendants' alleged failure to compensate employee drivers with the minimum wage and overtime wages and failure to maintain payroll records

1  for the Plaintiffs. (Doc. 45 ¶¶ 7-9.) Defendants are privately owned chauffeur companies
2  in Arizona, Utah, and Wyoming and their owners and officers. Plaintiffs' Third Amended
3  Complaint brings three causes of action: (1) failure to pay overtime in violation of the Fair
4  Labor Standards Act ("FLSA"), (2) violation of Arizona's Wage Act, A.R.S. §§ 23-350,
5  *et seq.*, and (3) violation of the Arizona Minimum Wage Act, A.R.S. §§ 23-362, *et seq.*
6  (Doc. 45.)

Plaintiffs filed this motion to move this Court for an order: (1) certifying Plaintiffs' claims under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b); (2) directing notice to be provided to members of the proposed FLSA collective action so that they will have an opportunity to elect to join the action pursuant to 29 U.S.C. § 216(b); (3) requiring Defendants to produce identifying information for potential FLSA collective action members; (4) approving the Notice of Consent to Sue Form; and (5) appointing the law firm of Martin & Bonnett, PLLC as interim FLSA counsel. (Doc. 38 at 1.) As stated above, at oral argument on March 23, 2021, the Court granted Plaintiffs' request certifying Plaintiffs' claims as a collective action pursuant to the FLSA and appointing the law firm of Martin & Bonnett, PLLC as interim counsel. Further, the Court ordered the parties to confer regarding the notice to be sent to potential members of the collective action. This order addresses the remainder of Plaintiffs' requests. The parties have been unable to agree on a proposed notice to potential collective action members. (Doc. 93 at 1-2.) Defendants filed a notice informing the Court of points of disagreement between the parties regarding the proposed notice to be sent to potential collective action members. (Doc. 93.) Plaintiffs filed an objection to Defendants' notice. (Doc. 94.)

**II.   ANALYSIS**

**A. Method of Notice**

Plaintiffs have requested that the Court approve the distribution of the Notice and Consent to Sue form both through regular first-class U.S. mail and by email. (Doc. 38 at 11.) Defendants oppose Plaintiffs' request to distribute the notice by email. "A certified class must receive 'the best notice practicable under the circumstances, including

individual notice to all members who can be identified through reasonable effort.'" *Weeks v. Matrix Absence Mgmt. Inc.*, No CV-20-00884-PHX-SPL, 2020 WL 6081500, at *4 (D. Ariz. Oct. 15, 2020) (quoting *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002)). Courts now routinely approve the production and use of email addresses to ensure that notice is effectuated. *Knight v. Concentrix Corp.*, No. 4:18-CV-07101-KAW, 2019 WL 35035052, at *5 (N.D. Cal. Aug. 1, 2019); *Scales v. Info. Strategy Design Inc.*, 356 F. Supp. 3d 881, 889 (D. Ariz. 2018); *Weeks*, 2020 WL 6081500, at *4. Because email addresses are consistently utilized by the majority of the general public, they may be even more reliable for those past employees who may have changed addresses within the last year. *See Knight*, 2019 WL 35035052, at *5; *see also Weeks*, 2020 WL 6081500, at *4 ("during the COVID-19 pandemic, people are utilizing email to access information and documents now more than ever."). Accordingly, the Court will allow distribution of the notice both by U.S. mail and by email.

## B. Personal Information of Putative Class Members

Plaintiffs have also requested the Court order Defendants to produce the names, position(s) held, employment dates, employment location(s), the entity for whom the employee worked or works, last known address, email address, telephone number(s), date of birth, and social security numbers for all potential collective action members. (Doc. 38 at 12.) Plaintiffs contend that date of birth and social security numbers are necessary for "follow-up skip tracing" if physical addresses are stale. (*Id.* at 13.) Defendants object to the production of former and current employees' phone numbers, email addresses, social security numbers, and dates of birth because the disclosure would invade the privacy of those individuals. (Doc. 60 at 16.) The Court agrees that the production of telephone numbers, dates of birth, and social security numbers would invade the privacy of current and former employees. Putative class members may have provided personal information to Defendants with the expectation of confidentiality. *See Taylor v. Autozone, Inc.*, No. CV-10-8125-PCT-FJM, 2011 WL 2038514, at *5 (D. Ariz. May 24, 2011) *clarified on denial of reconsideration*, No. CV-10-8125-PCT-FJM, 2011 WL 2357652 (D. Ariz. June

14, 2011). Accordingly, in addition to employment information, the Court will only order the disclosure of information that is necessary to provide potential collective action members notice of this action. Along with employment information, the Court orders that Defendants must produce the last known addresses and email addresses for potential members of the collective action.

### C. Notice Period

Plaintiffs request an opt-in period of 90 days from the date on which the notice is initially mailed and 45 days from the date of any second or subsequent mailing for any individual to whom a mailed or emailed Notice and Consent to Sue is returned as undeliverable. (Doc. 38 at 12.) Defendants oppose the request and move for a 60-day opt-in period. (Doc. 60 at 16.) The Court determines that a 60-day opt-in period is appropriate to give potential collective action members sufficient time to opt-in and foster the efficient resolution of this action. *See Coyle v. Flowers Foods Inc.*, No. CV-15-01372-PHX-DLR, 2016 WL 4529872, at *7. (D. Ariz. Aug. 30, 2016) ("A 60 day opt-in period is sufficient and will ensure efficient resolution of this action").

### D. Relevant Time for Opt-In Plaintiffs

Defendants are of the opinion that "the list of potential opt-ins should include drivers who were employed by Defendants within three years of when the Court granted conditional certification." (Doc. 93 at 2.) Plaintiffs object to Defendants' attempt to limit the FLSA class in this way. (Doc. 94 at 2-3.) The Court will allow the notice to be sent to all current and former employees of The Driver Provider who were drivers at any time from December 6, 2016 to the receipt of the notice. By allowing notice back to December 6, 2016, the Court is not making any ruling as to the viability of claims before March 23, 2018. That issue may be argued in a separate motion.

### E. Statement of Defendants' Defenses

Defendants have requested that they be allowed to place a statement regarding their defenses in the notice. The Court will allow Defendants to place the proposed statement of their defenses in the notice because the Plaintiffs were allowed to place a statement of their

case in the notice. However, because the facts are disputed, the Court will not allow Defendants' assertion in the notice that they relied on findings from the Department of Labor and counsel that drivers were paid properly. (Doc. 94 at 5.)

### F. Discovery and Costs Associated with Lawsuit

Defendants' position is that potential opt-ins should be advised that if they join the lawsuit, "they may be required to participate in discovery and may be required to share in the payment of Defendants' costs in the event Defendants prevail". (Doc. 93 at 3.) Defendants cite no authority supporting this request. Plaintiffs object to this request. (Doc. 94 at 5-6.) "[W]here individualized discovery is unlikely, the potential negative deterring effects of including information about associated costs outweigh the benefits." *Weeks v. Matrix Absence Mgmt. Inc.*, No. CV-20-00884-PHX-SPL, 2020 WL 6081500, at *5 (D. Ariz. Oct. 15, 2020). Here, individualized discovery is unlikely. Therefore, Court rejects this provision.

### G. Choice of Counsel

Defendants' position is that the notice should contain a provision explaining that potential collective action members are permitted to have their choice of counsel. (Doc. 93 at 3.) Plaintiffs oppose the request. Stating that a plaintiff may opt in and select their own attorney would be confusing to potential plaintiffs and potentially cumbersome for the Court. *See Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 541 (N.D. Cal. 2007) ("Suggesting that a plaintiff may opt in and bring her own lawyer along would lead to confusion, inefficiency, and cumbersome proceedings."). Accordingly, the Court rejects this provision.

### H. Contact Method for Defendants' Counsel

Defendants request that the Court allow them to list the contact information of Defendants' counsel in the notice. The Court rejects this request as it would invite potentially improper communications between potential collective action members and opposing counsel. *See Barba v. Seung Heun Lee*, No. CV 09-1115-PHX-SRB, 2010 WL 11515528, at *3 (D. Ariz. June 15, 2010) ("a lawyer may not communicate with a

represented party without the consent of opposing counsel.").

## I. Defendants' Language Regarding Retaliation

Plaintiffs complain that, "Defendants' proposed notice fails to alert the potential Opt-in Plaintiffs that retaliation is prohibited by federal law and fails to tell the potential Opt-in Plaintiffs what to do if they have been retaliated against." (Doc. 94 at 7.) The Court will replace Defendants' proposed language with language explaining that retaliation is prohibited by federal law, but the Court rejects Plaintiffs' request to include language explaining what to do if class members are retaliated against.

## III.  CONCLUSION

The Notice of Consent to Sue form approved by the Court is attached to this order. For the reasons discussed above,

**IT IS ORDERED** that Plaintiffs are permitted to distribute the Notice and Consent to Sue forms via U.S. mail and email;

**IT IS FURTHER ORDERED** that Defendants produce the names, position(s) held, employment dates, employment location(s), the entity for whom the employee worked or works, last known addresses, and email addresses of potential collective action members within two weeks of the date of this order;

**IT IS FURTHER ORDERED** that the opt-in period for potential collective action members shall be 60 days from the date the Notice and Consent to Sue form is mailed or emailed and 45 days from the date any second or subsequent mailing or email is made for individuals for whom a mailed or emailed Notice and Consent to Sue is returned as undeliverable;

**IT IS FURTHER ORDERED** that the Plaintiffs may utilize the Notice and Consent to Sue form accompanying this order.

Dated this 12th day of April, 2021.

Honorable Susan M. Brnovich
United States District Judge