**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

The following are pending before the Court: (1) Defendants' Motion for Reconsideration, (Doc. 189); (2) a discovery dispute; and (3) Defendants' Motion to Quash Deposition Subpoena of Attorney Stacy Gabriel and For Protective Order, (Doc. 200). The Court heard argument on the discovery dispute on March 17, 2022. The issue discussed at that time overlaps with the issues in Defendants' pending motions. Thus, the Court rule on them collectively in this order.

## I.  BACKGROUND

Defendants ask the Court to reconsider the portion of is recent order, (Doc. 186), which ordered Defendants to produce certain documents after an in-camera review. Defendants argue that the email communication, which occurred between members of Defendants' litigation and opinion counsel, was not provided to Defendants and does not relate to Defendants' advice of counsel defense. They argue that the communication contains work product and is privileged. During the discovery dispute hearing, Plaintiffs sought discovery of documents withheld by Defendants' opinion counsel, Stacy Gabriel.

Defendants argued that they are not required to disclose work product of counsel. Thus, the central issue in both discussions is whether a party relying on the advice of counsel defense waives both the attorney-client privilege and work product protection for documents falling within the subject matter of the waiver. Defendants' Motion to Quash Deposition Subpoena of Attorney Stacy Gabriel and for Protective Order, (Doc. 200), relates to preventing Plaintiffs from deposing Ms. Gabriel.

## II. LEGAL STANDARDS

### A. Motions for Reconsideration

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A Court "will ordinarily deny a motion for reconsideration . . . absent a showing of some manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ. 7.2(g)(1). However, a motion for reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision is manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### B. Motion to Quash

Rule 45(d)(3)(A) directs a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv); *see also Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 10409840, at *1 (D. Ariz. Nov. 6, 2017). It also permits a court to quash or modify a subpoena requiring disclosure of confidential commercial information "[t]o protect a person subject to or affected by [it]." Fed. R. Civ. P. 45(d)(3)(B)(i). Relatedly, Rule 26(c) requires that a court limit the extent of discovery—including that which is obtained by a subpoena—if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(c)(i), (iii). Rule 26(b)(1),

in turn, broadly permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

In the context of taking the depositions of attorneys, both sides agree that there is not a consensus in the Ninth Circuit as to what standard should apply, but the parties point to two cases: *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), and *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003). Under the *Shelton* test, a party seeking to depose opposing counsel must show that "(1) no other means exists to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." 805 F. 2d at 1327 (citation omitted). The *In re Friedman* test is more flexible and includes considerations of "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." 350 F.3d at 72.

"[T]he Supreme Court has suggested that the practice of deposing counsel is generally disfavored, because forcing attorneys to testify may have a negative impact on the litigation process and compromises the standards of the legal profession." *Melendres v. Arpaio*, No. CV-07-2513-PHX-GMS, 2015 WL 12911719, at *5 (D. Ariz. May 14, 2015) (citing *Hickman v. Taylor*, 329 U.S. 495, 510–12 (1947)).

III. DISCUSSION

    A. **Motion for Reconsideration**

Defendants' Motion for Reconsideration argues that the Court erred in determining that an email between Defendants' attorneys needed to be disclosed pursuant Defendants' advice of counsel defense.

"The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp.*

*v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)). "[D]istrict courts in the Ninth Circuit have routinely held that reliance on the advice of counsel defense waives work product protection for both undisclosed and disclosed documents and information." *United Specialty Ins. Co. v. Dorn Homes Inc.*, 334 F.R.D. 542, 545 (D. Ariz. 2020) (quoting *Adidas Am., Inc. v. Payless Shoesource, Inc.*, No. CV 01-1655, 2006 WL 2999739, at *2 (D. Or. Oct. 19, 2006)). As explained in *Melendres v. Arpaio*, "[w]ork product, including uncommunicated work product, may reveal communications between Defendants and their counsel and would and would be highly probative of what information Defendants' counsel considered, the reasonableness of its advice, and whether Defendants relied on the advice in good faith." No. CV-07-2513-PHX-GMS, 2015 WL 12911719, at *4 (D. Ariz. May 14, 2015). Indeed, where a plaintiff has asserted the advice of counsel defense, "[f]airness requires that Plaintiffs be given the opportunity to fully test the legitimacy of Defendants' advice of counsel defense, which involves permitting Plaintiffs inquiry into the basis and facts surrounding the advice provided by counsel, not just those materials that communicated the advice to Defendants." *United Specialty Ins. Co.*, 334 F.R.D. at 545 (quoting *Melendres*, 2015 WL 12911719, at *4) (internal citation omitted).

Defendants' Motion for Reconsideration must be denied. Defendants have presented the Court with no newly discovered evidence or recently decided caselaw; consequently, they must show that the Court committed clear error to prevail on their Motion for Reconsideration. The email cited by Defendants clearly relates to work product of the subject matter of Defendants' advice of counsel defense. The fact that the email itself was not disclosed to any of the Defendants is of no consequence. *See Melendres*, 2015 WL 12911719, at *4. Here, Plaintiffs' need to discover the information, out of fairness, overrides Defendants' interest in protecting its work product. Because the Court finds that Defendant's assertion of the advice of counsel defense has waived both the attorney-client privilege and work product protection for documents falling within the subject matter of the waiver, the Court committed no error in the initial decision. The

1  Motion for Reconsideration will be denied.

### B. Ms. Gabriel's Work Product

Ms. Gabriel must disclose documents—including work product documents, even if not communicated to Defendants—relevant to Defendants' advice of counsel defense. As discussed above, the advice of counsel defense waives work product protection for both undisclosed and disclosed documents and information, including uncommunicated work product. *See United Specialty Ins. Co.*, 334 F.R.D. at 545; *Melendres*, 2015 WL 12911719, at *4. Accordingly, Ms. Gabriel must disclose documents relevant to Plaintiffs.

### C. Motion to Quash

Defendants argue that Plaintiffs have not yet shown a need to depose Ms. Gabriel because they have not yet taken any depositions of Defendants. (Doc. 200 at 2.) Defendants also contend that requiring Ms. Gabriel to appear for a deposition would result in the potential disclosure of information protected by the attorney-client privilege and work produce doctrine unrelated to the advice of counsel defense, which may include their litigation strategy. (*Id.*) Plaintiffs argue that Defendants have not offered any authority where a court refused to allow the deposition of an attorney when the defendant asserted reliance on advice of counsel as an affirmative defense. (Doc. 206 at 3.) Furthermore, they argue that no other means exists to obtain the information from Ms. Gabriel. (*Id.* at 6.) Plaintiffs also contend that they meet both the *Shelton* and *Friedman* analyses. (*Id.* at 5.)

In a recent case in this district, *Melendres*, the court weighed the utility of the *Sheldon* and *Friedman* analyses. 2015 WL 12911719, at *5. The court determined that *Shelton* did not provide the appropriate framework for determining whether to permit plaintiffs to depose members of defendants' legal team because the primary interest underlying the *Shelton* test was protecting against the ills of "'deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy,' added time and expense for the litigants, and encouraging other abuses of the discovery process.'" *Id.* (quoting *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730

(8th Cir. 2002)). The court noted that the concerns of *Shelton* were not as critical in a case where the plaintiffs were only seeking information about earlier stages of litigation, relevant to the pending action. *Id.* As a part of its analysis, the Court noted, first, that the depositions were unlikely to have a disruptive effect on the attorney-client relationship or ongoing aspects of the litigation because none of the attorneys the plaintiffs sought to depose were actively involved defendants' ongoing defense and because the scope of their representations was narrow. *Id.* Second, the court stated that deposing counsel was the only realistically available approach to develop a complete evidentiary record. *Id.* Third, the court noted that the discovery the plaintiffs had already conducted proved insufficient to provide comprehensive answers to several issues central to the Court's determination of liability. *Id.* at *6. Lastly, the court determined that the risk of exposing privilege issues was de minimis in light of the Court's previous rulings. *Id.*

The same rational for applying the *Friedman* analysis in *Melendres* does not apply here because Ms. Gabriel is both the attorney who gave the advice relied upon before the case was filed and an attorney actively involved in the litigation; thus, the "ills" discussed in *Shelton* are more prevalent in this context. Yet, this case involves the advice of counsel defense which necessarily requires some discovery into the communications between counsel and client. Therefore, the Court will use the *Friedman* analysis to guide its decision because it contains a more flexible means by which to determine whether the deposition of Defendants' attorney, Ms. Gabriel, is permissible. Under the analysis, the Court will consider "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *In re Friedman*, 350 F.3d at 72.

Under the *Friedman* factors, Plaintiffs' must be allowed to depose Ms. Gabriel. Defendants argue that Plaintiffs have not yet shown that there is a need to depose Ms. Gabriel, pointing out that Plaintiffs have taken no other depositions in this case. The depositions of Defendants is, indeed, likely to produce relevant information regarding

Defendants' advice of counsel defense. However, given the nature of the defense, Plaintiffs are not required to rely solely on Defendants' testimony, which may be self-serving. *See Pearson Educ., Inc. v. C & N Logistics, Inc.*, No. 3:18-0438, 2019 WL 13131175, at *4 (M.D. Tenn. Nov. 26, 2019) ("[Defendant] opposes Plaintiffs' claim that he has infringed on their intellectual property rights …. by relying on advice provided by Mr. Levy, and Plaintiffs cannot be expected to simply accept this explanation …. without having the opportunity to probe the extent of this advice and the veracity of [defendant's] claims."); *Bounds v. San Lorenzo Cmty. Ditch Ass'n*, No. CV 09-580 BB/CG, 2011 WL 13266524, at *5 (D.N.M. July 8, 2011), *report and recommendation adopted*, No. CV 09-580 BB/CG, 2011 WL 13266525 (D.N.M. Sept. 14, 2011) ("With [defense counsel's] advice now at issue, Plaintiffs must be given the opportunity to discovery [defense counsel's] recollection of his advice to the Defendants, and the manner in which they reacted to his advice."); *Miller v. Colorado Farms*, No. CIV. A. 97WY2015WD, 2001 WL 629463, at *4 (D. Colo. Jan. 16, 2001) ("[Defendant] is entitled to rest the credibility of [Plaintiff's] assertions with respect to his claim of advice of counsel, and one way to do that, possibly the only way, is to depose the attorneys who listened to his recitals, and provided advice in response."). Plaintiffs must be permitted to inquire about the advice that Ms. Gabriel gave and the basis surrounding that advice regardless of Defendants' testimony. The lack of documents spanning the entire attorney-client relationship also necessitates the deposition of Ms. Gabriel. As Plaintiffs point out, Defendants are claiming that "Ms. Gabriel has advised Defendants on exemption of Drivers from the FLSA's overtime requirements on various dates and times from 2004 to the present." (Doc. 206 at 6.) However, the earliest communication produced by Defendants are from 2012. (*Id.*) Accordingly, Plaintiffs have shown that there is no other way to obtain the evidence they seek to discover than to depose Ms. Gabriel.

As to the second factor, unlike in *Melendres*, Ms. Gabriel is currently working on Defendants' litigation. Defendants submitted a declaration with their Reply which shows that she has reviewed relevant filings, assisted with discovery, and advised Defendants on

litigation strategy, even though she is not listed on the docket as an attorney of record. (Doc. 200-1.) Thus, the situation here is different than that in *Melendres* where the attorneys were no longer on the case. However, Plaintiffs have been clear that they only seek to depose Ms. Gabriel only in connection in her role as opinion counsel. (Doc. 206 at 10.)

As to the third factor, because Ms. Gabriel is currently aiding in the Defendants' case, the risk of encountering privilege and work-product issues is high. However, the Court finds that these concerns could be addressed through a limiting instruction from the Court and is mitigated by the fact that Plaintiffs only seek to depose her for her role as opinion counsel. In fact, Plaintiffs stated that they would not oppose limiting questions regarding post-litigation communications to the content surrounding the post-litigation emails between the parties that have been, or will be, produced. (*Id.* at 11.)

Assessing the factors together, the Court has determined that Plaintiffs must be allowed to depose Ms. Gabriel. The primary basis for this decision is that Plaintiffs are permitted to test the basis of Defendants' advice of counsel defense both from Defendants' themselves and from Ms. Gabriel in order to gain a full picture. The Court will not police the order in which the witnesses must be deposed. The Court will, however, limit the scope of Plaintiffs' questions to pre-suit advice within the scope of Defendants' advice of counsel defense. Any post-suit questions must be limited to those regarding documents which were produced in discovery relevant to Ms. Gabriel and the advice of counsel defense.

IV.   **CONCLUSION**

Accordingly,

**IT IS ORDERED** denying Defendants' Motion for Reconsideration. (Doc. 189.)

**IT IS FURTHER ORDERED** requiring Ms. Gabriel to disclose documents relevant to Defendants' advice of counsel defense in accordance with this Order.

**IT IS FURTHER ORDERED** denying Defendants' Motion to Quash Deposition Subpoena of Attorney Stacy Gabriel. (Doc. 200.)

**IT IS FURTHER ORDERED** limiting the scope of the deposition to questions

- 8 -

related to pre-suit advice, within the scope of Defendants' advice of counsel defense, and questions about post-suit advice to those regarding documents produced in discovery.

Dated this 31st day of May, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge