**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>Driver Provider Phoenix LLC, et al.,<br><br>          Defendants. | No. CV-19-05760-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Judgment on the Pleadings ("MJP"), (Doc. 210.), and Plaintiffs' Motion to Strike the MJP (Doc. 211.)  Both motions are fully briefed.  (*See* Docs. 230–32.)  Having considered the parties' briefing and arguments, as well as the relevant rules and caselaw, the Court will grant Plaintiffs' Motion to Strike Defendants' MJP for the reasons explained below.

**I.     BACKGROUND**

Plaintiffs' Fourth Amended Complaint ("Complaint") brings collective action and class action claims, alleging Defendants' failure to compensate minimum and overtime wages. (Doc. 114 at 1–2 ¶¶ 1–16.)  Specifically, Plaintiffs assert Defendants failed to pay: (1) overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA"); (2) overtime wages in violation of the Arizona Wage Act ("AWA"), under A.R.S. § 23-351; and (3) minimum wages in violation of the Arizona Minimum Wage Act, under A.R.S. § 23-363.  (*Id.* at 2, 22–24 ¶¶ 12–14, 177–95.)  Defendants' Answer denies Plaintiffs' allegations and asserts multiple affirmative defenses. (*See* Doc. 124 at 11–14

¶¶ 1–24.) However, Defendants argue for the first time in the MJP that Plaintiffs' FLSA claim preempts their AWA claim. (*See* Doc. 210.) Plaintiffs thus filed a Motion to Strike Defendants' MJP on the grounds that: (1) Defendants failed to meet and confer under Local Rule of Civil Procedure 12.1(c); and (2) Defendants raising the preemption defense for the first time was prohibited by General Order 17-08, (Doc. 4.). (*See* Doc. 211 at 2.)

## II. LEGAL STANDARD

Before filing a motion under Local Rule 12.1(c), the movant must certify that it "notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." In other words, "Local Rule 12.1(c) provides that a party contemplating filing . . . a motion for judgment on the pleadings under Rule 12(c) must first engage in a meaningful conversation with its adversary about whether the perceived deficiencies might be cured by amendment." *Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.*, No. CV-19-05827-PHX-DWL, 2021 WL 778541, at *3 (D. Ariz. Mar. 1, 2021). Furthermore, a "movant may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion." LRCiv 12.1(c). If these certification requirements are not met, the Court may summarily strike the Motion. *See id.*; *see also Leibel v. City of Buckeye*, No. CV-18-01743-PHX-DWL, 2020 WL 516671, at *2 (D. Ariz. Jan. 31, 2020) (noting the Court is a "stickler for compliance with Local Rule 12.1(c)").

## III. DISCUSSION

### A. Local Rule 12.1(c)

The Court finds that Defendants failed to satisfy the meet and confer requirements under Local Rule 12.1(c). Defendants assert the MJP certification complied with Local Rule 12.1(c). (*See* Doc. 210 at 2.) The certification also asserts:

> Pursuant to Local Rule 7.2(j), Defendants certify that undersigned counsel conferred with counsel for Plaintiffs over the phone and via email. Counsel for the parties were unable to reach an agreement regarding Plaintiffs' claims

for overtime compensation under the Arizona Wage Act. Therefore, Defendants moved forward with filing their Motion. (Doc. 210-1.)  To clarify, Local Rule of Civil Procedure 7.2(j) governs the certification requirements for discovery motions, which has a different certification standard than motions for judgment on the pleadings. *Compare* LRCiv 7.2(j), *with* LRCiv 12.1(c). Local Rule 12.1(c) thus controls in this context.

Defendants certified to having met and conferred with Plaintiffs to discuss the issues raised in the MJP.  Yet Plaintiffs assert their only conversations with Defendants about the AWA and preemption occurred: (1) in November 2021, during confidential settlement discussions; and (2) during a January 5, 2022 phone call where Plaintiffs denied Defendants' requested stipulation to amend their Answer to raise the preemption defense. (*See* Docs. 211 at 2–3; 211-1 at 1–2 ¶¶ 3–5.)  Plaintiffs also assert that Defendants never gave notice of their intent to file the MJP, and that the January 2022 call revolved around Defendants' requested stipulation to amend their Answer, not to file the MJP.  (*Id.*) Plaintiffs assert that at the end of the January 5 phone call, Defendants stated they would be filing a motion to amend their Answer.  (Doc. 211-1 at 3 ¶ 5.)

Defendants contend that during the January 5 call, Plaintiffs' counsel declined to voluntarily dismiss the overtime claim under the AWA.  (*See* Doc. 230-1 at 2 ¶ 7.) Therefore, Defendants believed "the parties were at a stalemate" and "further meet and confers on this issue would be futile."  (*Id.* at 3 ¶ 8.)  Following the call, Defendants conducted more research and determined amending their Answer was unnecessary for the Court to decide the preemption issue.  (*Id.* ¶ 9.)  Defendants further concluded that "[t]o avoid unnecessary briefing and amending the answer," they would instead file the MJP. (*Id.*)

The Court finds that Defendants have failed to satisfy the meet and confer requirements set forth in Local Rule 12.1(c).  First, Defendants attempt to rely on confidential settlement discussions, which the Court shall not consider. The parties' Settlement Conference Order, (Doc. 156 at 1.), explicitly states: "Rule 408 of the Federal

1  Rules of Evidence applies to all aspects of the Settlement Conference. All communications
2  and information exchanged during the settlement process, not otherwise discoverable, will
3  not be admissible in evidence for any purpose." *See Suenos, LLC v. Goldman*, No. CV10-
4  1034-TL, 2014 WL 460965, at *1, 6 (D. Ariz. Feb. 5, 2014) (sanctioning an attorney for
5  violating a Settlement Conference Order by disclosing confidential communications and
6  noting "[s]ettlement communications are, as a general rule, sacrosanct. Without the
7  protection provided these communications, the settlement process would be chilled.").

8  Without the settlement discussions, the Court exclusively considers whether the
9  parties sufficiently met and conferred during the January 5 phone call. Both parties agree
10 no MJP discussions occurred during the call. The parties discussed Defendants' requested
11 stipulation to amend their Answer to assert the preemption defense. Plaintiffs declined.
12 Before the call ended, Defendants informed Plaintiffs they were going to file a motion to
13 amend their Answer. Instead, Defendants filed the MJP, which asserted preemption
14 deficiencies within Plaintiffs' Complaint—something that could not be cured by
15 Defendants amending their Answer. But even with Plaintiffs declining to amend their
16 Complaint on the call, the statement was made solely in the context of Defendants'
17 requested stipulation to amend their Answer, not Defendants filing a motion for judgment
18 on the pleadings.

19 Between the January 5 call and Defendants filing the MJP, the parties had no
20 conversations about the AWA or preemption. Defendants thus deprived Plaintiffs of any
21 opportunity to discuss the issues raised in the MJP, or whether any curing amendments
22 could be made. Because Defendants failed to satisfy Local Rule 12.1(c)'s certification
23 requirements, the Court will strike the MJP.

24 **B. General Order 17-08**

25 Plaintiffs' Motion to Strike asserts that Defendants violated General Order 17-08 by
26 raising a preemption defense for the first time in the MJP. Because the Court is striking
27 the MJP, the Court will not reach the merits of this claim.
28 Accordingly,

- 4 -

1     **IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings is
2 stricken.
3     Dated this 12th day of September, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge