**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Sanctions (Doc. 272.). Both parties requested oral argument, (Docs. 272, 293.), but seeing as the Motion is fully briefed (Docs. 293, 305.), the Court exercises its discretion to decline the request. Having considered the parties' briefing and arguments, as well as the relevant rules and case law, the Court will deny Plaintiffs' Motion for Sanctions for the following reasons.

**I.     BACKGROUND**

Plaintiffs seek Federal Rule of Civil Procedure 37(b) sanctions against Defendants for failing to comply with the Court's May 18, 2022 Discovery Order, (Doc. 260.). The Discovery Order instructs that: "Plaintiffs provide the reservation number for 2 Plaintiffs over a period of one week for each month for 36 months. Defendants must then provide the invoices related to those reservations." (Doc. 260.) Plaintiffs emailed Defendants their two driver's reservation numbers that same day. (Doc. 272 at 3.) On May 26, 2022, Defendants provided Plaintiffs the invoice information in two Excel spreadsheets, each correlating to the two driver's reservation numbers. (*See* Docs. 272 at 3, 293 at 2.)

1    After comparing the produced spreadsheets with PDF invoices Defendants had
2    attached in previous emails, Plaintiffs assert the spreadsheets are missing the following
3    information: (1) start and end times; (2) scheduled pick up times; (3) on location time; (4)
4    enroute times; (5) ride completion times; (6) breakdowns of the times Defendants charged
5    customers (as opposed to the aggregate charge in the spreadsheets); (7) terms and
6    conditions; and (8) environmental fees. (*See* Doc. 305 at 4–5.) Plaintiffs argue this
7    information is highly relevant because it shows discrepancies between time worked and
8    paid as documented by Defendants, and "the fact that Plaintiffs did not list all of the many
9    reasons the invoices are relevant in their discovery dispute submission . . . does not give
10   Defendants the right to disregard the Court's order and unilaterally decide which
11   information to disclose or withhold from Plaintiffs." (*Id.* at 6.)

12   Defendants contend they did not violate the Discovery Order because they provided
13   the invoices in an Excel format—a format used in the ordinary course of business. (*See*
14   Doc. 293 at 7.) Defendants assert that through its software, invoices can be retrieved
15   individually in portable document format ("PDF") or exported as a group into an Excel
16   spreadsheet. (*Id.*) Additionally, Defendants explain that PDF invoices can only be
17   retrieved by invoice number, date range, customer, and new/posted/paid invoices—not by
18   reservation number or driver name as the Discovery Order requires. (*Id.*) The Excel
19   format, however, permits retrieval by reservation number or driver name, and the same
20   data within the PDF invoices can be exported to Excel spreadsheets in bulk. (*Id.*)

21   Defendants also argue the following: (1) charges to client credit cards result in an
22   emailed receipt that is reflected only in Excel, not a PDF invoice; (2) the Excel spreadsheets
23   contain every customer charge, applied discounts, rate breakdowns, base rates, service
24   charges, additional fees, and gratuities; (3) the Excel spreadsheets do not provide drop-off
25   locations, but Plaintiffs have this information in other produced records; (5) being
26   compelled to produce PDF versions would take an additional 30 to 40 hours to complete;
27   and (6) PDF versions would provide reservation information that exceeds the scope of
28   discovery. (*Id.* at 7–9.) Finally, Defendants contend that Plaintiffs' Motion for Sanctions

is a motion to compel in disguise and was filed to circumvent the Court's Case Management Order which prohibits filing written discovery motions without leave of Court. (*Id.* at 5–6.) In other words, Defendants are asserting that Plaintiffs filed the Motion for Sanctions with the goal of compelling production of PDF invoices without needing to abide by the Case Management Order. (*See* Doc. 92.)

Plaintiffs respond that the Excel spreadsheets are not the invoices the Court ordered Defendants to produce, and that Defendants created them in response to the Court's Discovery Order. (*See* Doc. 305 at 2.) Plaintiffs' Motion for Sanctions requests the Court to order the invoices' production, to issue an order to show cause for why Defendants should not be held in contempt, and to order Defendants to pay reasonable attorneys' fees and costs deriving from this Motion. (*See* Doc. 272 at 6.)

**II.    LEGAL STANDARD**

Plaintiffs seek sanctions under Rule 37(b)(2), which reads:

(2) *Sanctions Sought in the District Where the Action Is Pending*.

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent—or witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;

    (iv) staying further proceedings until the order is obeyed;

    (v) dismissing the action or proceedings in whole or in part;

        (vi) rendering a default judgment against the disobedient party;

          or

        (vii) treating as a contempt of court the failure to obey any

           order except an order to submit to a physical or mental

           examination.

Fed. R. Civ. P. 37(b)(2).

      If a party is subject to Rule 37(b)(2), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Imposing and issuing specific sanctions is primarily left to the court's discretion. *See Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981). But "Rule 37(b)(2) contains two standards—one general and one specific—that limit a district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

      Additionally, "Rule 37(b)(2) more readily authorizes the imposition of more severe sanctions, creates a presumptive right to fee-shifting, and doesn't (at least as a textual matter) include a safe harbor for violations that were 'substantially justified or harmless.'" *SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2021 WL 2895503, at *5 (D. Ariz. July 9, 2021). In fact, as the Supreme Court noted,

> For purposes of subdivision (b)(2) of Rule 37, we think that a party 'refuses to obey' simply by failing to comply with an order. So construed the Rule allows a court all the flexibility it might need in framing an order appropriate to a particular situation. Whatever its reasons, petitioner did not comply with the production order. Such reasons, and the willfulness or good faith of petitioner, can hardly affect the fact of noncompliance and are relevant only to the path which the District Court might follow in dealing with petitioner's

failure to comply.

*Societe Internationale Pour Participations Inustrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958).

### III. DISCUSSION

The Court will deny Plaintiffs' Motion for Sanctions. Although the parties make numerous arguments about whether Defendants must produce the invoices as PDFs, the Court is solely tasked with determining whether Defendants are subject to sanctions under Rule 37(b). Defendants are not. A party that "*fails to obey* an order to provide or permit discovery," is subject to sanctions. Fed R. Civ. P. 37(b)(2) (emphasis added). Here, Defendants did not disobey the Discovery Order. Defendants produced the information in a format that contains the requested invoices within the specified requirements and timeframes. Although Plaintiffs take issue with the invoices being produced as spreadsheets instead of PDFs, the Discovery Order did not specify any particular format.

Because Defendants complied with the Discovery Order, there is no justification under Rule 37(b) to issue sanctions or mandatory attorneys' fees. Finding no basis to issue sanctions, the Court will not address either party's arguments about whether Defendants must produce the invoices in PDF format. The Court also declines to award attorneys' fees to either party.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Sanctions is denied. (Doc. 272.)

Dated this 19th day of September, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge