**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Strike Argument First Raised in Defendants' Reply on Motion for Judgment on the Pleadings ("MTS") (Doc. 357) or, Alternatively, to File Sur-Reply. (Doc. 365.) Defendants filed a Response (Doc. 374), and Plaintiffs filed a Reply (Doc. 375). After considering the parties' arguments and the relevant law, the Court will grant Plaintiffs' MTS for the following reasons.

## I.   BACKGROUND

Defendants originally filed a Motion for Judgment on the Pleadings ("MJP") (Doc. 336) to which Plaintiffs filed a Response (Doc. 345). Defendants filed a Reply in Support of the MJP (Doc. 357), and Plaintiffs followed with the MTS, alleging "Defendants argue for the first time that an Arizona state case supports dismissal of Plaintiffs' AWA claims—not because of preemption—but allegedly on the merits—asserting that the Court should rule that Plaintiffs' claims under the AWA 'do not meet the definition of wages under the AWA.'" (Doc. 365 at 2–3) (quoting Doc. 375 at 11.) Specifically, Plaintiffs seek to strike (Doc. 357 at 11, lines 7–21), or be granted leave to

file a sur-reply pursuant to LR Civ. 7.2(m) and Fed. Civ. P. 7(b).  (Doc. 365 at 1.)  In turn, Defendants argue that Plaintiffs' MTS should be denied for procedural defects, Plaintiffs' failure to meet and confer, and the Reply raised no new arguments.  (Doc. 374 at 2–3.)

## II.     LEGAL STANDARD

Under the local rules, LR Civ 7.2(m) applies to motions to strike.  It reads:

> Generally. Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

And under Fed. R. Civ. P. 7(b), the following are requirements for motions:

> (1) *In General*. A request for a court order must be made by motion. The motion must:
> (A) be in writing unless made during a hearing or trial;
> (B) **state with particularity the grounds for seeking the order**; and
> (C) state the relief sought.

(emphasis added).  Additionally, district courts "may decline to consider new evidence or arguments raised in reply, and generally 'should not consider the new evidence without giving the non-movant an opportunity to respond.'"  *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citations omitted)); *see also Gause v. Corizon Health Inc.*, No. CV-19-1196-PHX-JJT (ESW), 2019 WL 2996053, at *1 (D. Ariz. July 9, 2019) (striking a filing under LR Civ 7.2(m) and Fed. R. Civ. P. 7(b)).

## III.    DISCUSSION

The Court finds Defendants raised a new argument in the Reply that is absent from the MJP.  Defendants have consistently raised a preemption argument in the MJP and Reply.  But Defendants' argument that preemption can be avoided because Plaintiffs' AWA claim fails under Arizona law's definition of "work" is separate and distinct, and raised for the first time in the Reply.  Therefore, the Court is inclined to use its discretion to strike the new argument from the Reply.  *See Townsend*, 303 F. Supp. 3d at 1027.

Defendants' argument that Plaintiffs' MTS is procedurally improper for a lack of

citation to "any other statute, rule, or court order" is without merit.  (*See* Doc. 374 at 2.) Plaintiffs' citations to LR Civ 7.2(m) and Fed. R. Civ. P. 7(b) are sufficient grounds for filing the MTS.  *See Gause*, 2019 WL 2996053, at *1; *see also Carrillo v. Penn Nat'l Gaming, Inc.*, 172 F. Supp. 3d 1204, 1215 (D.N.M. 2016) (case cited by Plaintiffs demonstrating a court's refusal to consider an argument raised for the first time in a reply brief).

Defendants next argue the Court should deny the MTS because Plaintiffs failed to meet and confer before filing.  "Courts in this district occasionally overlook this procedural shortcoming, especially when doing so causes no prejudice, or when ordering the movant to file a new motion after consultation would be futile." *Garcia v. JPMorgan Chase Bank NA*, No. CV-16-01023-PHX-DLR, 2018 WL 1570249, at *5 (D. Ariz. Mar. 30, 2018).  Here, the Court has been fully briefed on the merits of the MTS by both parties, and it narrowly pertains to the new argument raised by Defendants in the Reply. Defendants have not identified any foreseeable prejudice if the Court were to grant the Motion, and the Court is unable to identify any seeing as the deficiency cannot be cured by amendment.  Thus, in this narrow circumstance, the Court will overlook Plaintiffs' failure to meet and confer.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiffs' MTS (Doc. 365).

**IT IS FURTHER ORDERED** that Defendants' argument at page 11, lines 7–21 of Defendants' Reply in Support of Motion for Judgment on the Pleading (Doc. 357) be stricken from the record.

Dated this 8th day of December, 2022.

Honorable Susan M. Brnovich
United States District Judge