**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. 336.) Plaintiffs filed a Response in opposition (Doc. 345) and Defendants a Reply (Doc. 357). Oral argument was held on January 11, 2023. After considering the parties' arguments and the relevant law, the Court will grant Defendants' Motion for Judgment on the Pleadings ("MJP").

**I.   BACKGROUND**

Defendants filed the MJP on Count II of Plaintiffs' Fourth Amended Class Action and Collective Action Complaint ("Complaint") (Doc. 114), which alleges a failure to pay overtime in violation of the Arizona Wage Act ("AWA"). (Doc. 336.) Defendants argue that Plaintiffs' AWA claim is preempted by the Fair Labor Standards Act ("FLSA") as set forth in Count I of the Complaint. Defendants further argue that Plaintiffs cannot assert their AWA claim for Federal Civil Procedure Rule 23 class certification. Plaintiffs dispute these contentions and additionally argue that Defendants have both waived their preemption defense and violated General Order 17-08 by failing to provide fair notice.

## II. LEGAL STANDARD

Pursuant to Rule 12(c): "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court reviews Rule 12(c) motions under the same legal standard as Rule 12(b)(6). *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*

## III. DISCUSSION

### A. Defendants did not waive their preemption defense

In the Ninth Circuit, preemption defenses can be raised for the first time in a motion for judgment on the pleadings if there is no prejudice to the plaintiff. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Cherry-picking quotes from case law and without providing a full quote, Plaintiffs argue that Defendants waived their preemption defense. For example, Plaintiffs state that, "[l]ike other affirmative defenses, federal preemption is waived if not pleaded," and then direct the Court to a quote from *Burnette v. Sierra Nevada Corp.* they claim states: "Federal preemption is an affirmative defense that a defendant must plead and prove." (Doc. 345 at 6–7.) However, the quote actually states that: "'Federal preemption is an affirmative defense that a defendant must plead and prove' *and as such it should ordinarily be raised in a Rule 12(c) motion for judgment on the pleadings* or a Rule 56 motion for summary judgment." *Burnette v. Sierra Nev. Corp.*, 2:14-CV-2761, 2015 WL 5475262, at *2 (D. Ariz. Sept. 18, 2015) (emphasis added). Ultimately, Defendants are correct that raising the preemption defense for the first time in their MJP was permitted if Plaintiffs are not prejudiced. *See Owens*, F.3d at 713.

Plaintiffs argue they are prejudiced for two reasons: (1) if they had known of

Defendants' preemption defense, Plaintiffs would have included facts for unpaid straight time claims in their AWA claim; and (2) "in light of the substantial additional expense" they would incur from requiring their expert to amend their damages calculations. (*See* Doc. 345 at 8–9.) The Court agrees with Plaintiffs' as to their first concern. Yet, the Court notes that Defendants have stated: "To the extent Plaintiffs wish to amend their operative Complaint to limit their AWA claims to straight time claims, Defendants are willing to stipulate to such an amendment. Likewise, Defendants agree that an unpaid straight time claim is not preempted by the FLSA." (Doc. 357 at 3.)

The Court finds that allowing Plaintiffs to amend the Complaint will resolve any prejudice, and as such will allow for such amendments. Second, the Court is unpersuaded by Plaintiffs' alleged prejudice relating to the expense of recalculating damages, as Plaintiffs have not justified how the expense would be "substantial." Although Plaintiffs clarified during oral argument that their expert has already calculated damages through April 2021—including all overtime and straight time claims—there are still more calculations that need to be run. Furthermore, the Court below finds that Plaintiffs have not alleged straight time claims, thus requiring further recalculations if Plaintiffs fail to amend the Complaint or choose not to. For these reasons, the Court finds that Defendants did not waive their preemption defense. Plaintiffs' argument that Defendants violated the General Order by failing to provide "fair notice" is therefore moot.

### B. Plaintiffs' AWA claim is preempted

Defendants argue that Plaintiffs' FLSA overtime claim preempts their AWA overtime claim. Under the Supremacy Clause, U.S. Const. art. VI, cl.2, there are three instances where state law is preempted under the Supremacy Clause:

> (1) express preemption—"where Congress explicitly defines the extent to which its enactments preempt state law"; (2) field preemption—"where state law attempts to regulate conduct in a field that Congress intended the federal law exclusively to occupy"; and (3) conflict preemption—"where it is impossible to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

*Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000) (quoting *Indus.*

*Truck Ass'n, Inc. v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997)).  Here, Defendants argue conflict preemption applies.  "Conflict preemption is implicit preemption of state law that occurs where there is an actual conflict between state and federal law," *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1039 (9th Cir. 2015) (internal quotation marks omitted), and "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Williamson*, 208 F.3d at 1149, 1151–53 (finding that express and field preemption are inapplicable to the FLSA).

> Here, Defendants allege that:
> The overtime claim that Plaintiffs assert under the AWA is based entirely on the requirements of the FLSA, and Plaintiffs have not asserted any legal theory entitling them to overtime wages beyond an alleged violation of the FLSA's overtime provisions. Permitting Plaintiffs to avail themselves of state remedies in the form of treble damages under A.R.S. § 23-355 or the potential to certify a class action under Rule 23—remedies that are not provided under the FLSA—undermines congressional intent and renders the enforcement provisions of the FLSA meaningless.

(Doc. 336 at 7.)  The Court finds that Plaintiffs' AWA claim is preempted by the FLSA. The FLSA contains a savings clause which states: "No provision of this chapter or of any order thereunder shall excuse noncompliance with any . . . State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter."  29 U.S.C. § 218(a); *see also Pettis Moving Co., Inc. v. Roberts*, 784 F.2d 439, 441 (2d Cir. 1986) ("Section 218(a) of the FLSA explicitly permits states to set more stringent overtime provisions than the FLSA." (cleaned up)).  On the other hand, allowing a "[p]laintiff to bring suit for a violation of the FLSA and seek a remedy other than that provided by the FLSA would stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the FLSA," and thus "overtime claims that are directly covered by the FLSA must be brought under the FLSA." *Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2008 WL 6566637, at *4 (D. Ariz. Sept. 18, 2008) (emphasis added) (citing *Williamson*, 208 F.3d at 1151, 1154).

The AWA does not provide entitlement to overtime wages, and overtime claims

- 4 -

must be sough under the FLSA. *TriVita*, 2008 WL 6566637, at *3. Here Plaintiffs *only* rely on unpaid FLSA overtime wages as the cause of action for their AWA claim. For example, Plaintiffs allege that:

> As a result of Defendants' violations of Ariz. Rev. Stat. § 23-351, Plaintiffs and Rule 23 Class Members have been harmed, have suffered substantial losses, and have been deprived of the full amount of overtime compensation to which they were entitled and therefore are entitled to an award of the unpaid wages, with prejudgment interest thereon, and treble the amount of such wages, together with attorneys' fees and costs."

(Doc. 114. at 24 ¶ 188.) In other words, Plaintiffs seek to apply the more generous state law remedies to an FLSA claim and circumvent the opt-in collective action system. That is not allowed. *TriVita*, 2008 WL 6566637, at *4–5. Seeing as Plaintiffs' AWA claim merely seeks state remedies for alleged FLSA overtime violations, the Court finds that allowing the claim to proceed would directly conflict with Congress's enactment of remedies under the FLSA for overtime violations. *See Williamson*, 208 F.3d at 1149; *TriVita*, 2008 WL 6566637, at *4.

Plaintiffs' arguments to the contrary rely on *Weeks v. Matrix Absence Mgmt. Inc.*, No. CV-20-00884-PHX-SPL, 2022 WL 523323 (D. Ariz. 2022). The Court finds *Weeks* unpersuasive as it dealt with an Oregon state law claim for overtime that differs from Arizona law. Unlike the AWA which provides no private right of action for overtime payments, Oregon law specifically provides for the payment of overtime at "one and one-half times the employee's regular rate of pay for each overtime hour or portion of an hour the employee works." O.R.S. § 652.020. *See also Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 924 (D. Ariz. 2010) (relying on *TriVita*'s reasoning when finding that an overtime claim under Oregon state law was preempted by the FLSA because it "essentially [sought] to piggy-back thirty days' wages worth of waiting-time penalties onto any alleged FLSA violation."). For these reasons, the Court finds *TriVita* and *Colson* persuasive.

Additionally, Plaintiffs now wish to claim unpaid straight time under Arizona law, and Defendants do not object. The Court will thus grant Defendants' MJP with leave for Plaintiffs to amend the Complaint to assert straight time AWA facts and claims—seeing as

the Court cannot construe that Plaintiffs have previously raised the claim in the Complaint. *Finton v. Cleveland Indians Baseball Co. LLC*, No. CV-19-02319-PHX-MTL, 2021 WL 1610199, at *2 (D. Ariz. Apr. 26, 2021) (The FLSA does not preempt unpaid hours asserted under the AWA that do not constitute overtime, but it does preempt overtime hours).

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendants' MJP.  (Doc. 336.)

**IT IS FURTHER ORDERED** granting Plaintiffs Leave to Amend their Fourth Amended Complaint (Doc. 114) Count II, Violation of the Arizona Minimum Wage Act within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** that upon Plaintiffs filing a Fifth Amended Complaint, Defendants will have seven (7) days to notify the Court if they believe Plaintiffs failed to state a straight time claim under Arizona law.

Dated this 12th day of January, 2023.

Honorable Susan M. Brnovich
United States District Judge

- 6 -