**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **AMENDED ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Rule 23 Certification.  (Doc. 331.) Defendants filed a Response (Doc. 342), and Plaintiffs filed a Reply (Doc. 379).  Oral argument was held on January 11, 2023.  After reviewing the parties' arguments and the relevant law, the Court will grant Plaintiffs' Motion in part, and deny in part, for the reasons set forth below.

## I.     BACKGROUND

Plaintiffs' Motion seeks class certification on Count II of the Fourth Amended Complaint—violation of the Arizona Wage Act ("AWA"), A.R.S. § 23-350, et seq.—and Count III of the Fourth Amended Complaint—violation of the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-362, et seq.  (*See* Docs. 114; 331.)  Prior to ruling on this Motion, the Court dismissed Plaintiffs' AWA claim with leave to amend.  (*See* Doc. forthcoming).  Therefore, the Court will deny without prejudice Plaintiffs' Motion as to the AWA claim, as it is currently moot.  Regarding the AMWA claim, Plaintiffs allege that Defendants previously and continuously fail to pay their employed drivers a minimum

wage under state law and fail to maintain accurate payroll records of hours worked. (Doc. 331 at 2.) The Court will grant Plaintiffs' Motion to certify Plaintiffs' AMWA class because it meets the requirements of Rule 23(a) and (b)(3).

## II.   LEGAL STANDARD

"Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011) (citing *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001)). Rule 23(a)–(b) read as follows:

> **(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>> (1) the class is so numerous that joinder of all members is impracticable;
>> (2) there are questions of law or fact common to the class;
>> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>> (4) the representative parties will fairly and adequately protect the interests of the class.
>
> **(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
>> (1) prosecuting separate actions by or against individual class members would create a risk of:
>>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters

pertinent to these findings include:
>    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>    (D) the likely difficulties in managing a class action.

A plaintiff seeking class certification must "affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Likewise, when considering class certification courts must engage in "a rigorous analysis." *Id.* at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). The Rule 23 analysis may "entail some overlap with the merits of the plaintiff's underlying claim," *id.* at 351, but it "grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*; *see also United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) ("Although certification inquiries such as commonality, typicality, and predominance might properly call for some substantive inquiry, the court may not go so far . . . as to judge the validity of these claims." (cleaned up)). In fact, "[n]either the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies [Rule 23]." *United Steel*, 593 F.3d at 809 (quoting *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)).

Nevertheless, "plaintiffs must prove the facts necessary to carry the burden of establishing that the prerequisites of Rule 23 are satisfied by a preponderance of the

evidence." *Olean Wholesale Grocery Coop., Inc., v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022). "Failure to meet any one of the requirements set forth in Rule 23 precludes class certification." *Miller v. Am. Standard Ins. Co. of Wis.*, 759 F. Supp. 2d 1144, 1146 (D. Ariz. 2010).

## III. DISCUSSION

### A. Rule 23(a)

#### 1. Numerosity

Plaintiffs argue numerosity is met, and Defendants do not object. (*See* Docs. 331 at 8; 342.) Under the numerosity requirement, a proposed class of at least 40 members is typically satisfactory. *See USAA Cas. Ins. Co.*, 266 F.R.D. 360, 365 (D. Ariz. 2009). Here, Plaintiffs cite to Defendants' assertions that as of May 18, 2022, there are 356 chauffeur drivers within the limitations period for AMWA violations under A.R.S. § 23-364(H).[1] (*See* Doc. 331 at 8.) The Court finds the numerosity requirement satisfied. *See Vega v. All My Sons Bus. Dev. LLC*, 583 F. Supp. 3d 1244, 1264 (D. Ariz. 2022) (finding the numerosity requirement satisfied for an Arizona unpaid wages class of potentially 200 members); *see also Juvera v. Salcido*, 294 F.R.D. 516, 521 (D. Ariz. 2013) (finding numerosity satisfied with AMWA class of "approximately 200" members).

#### 2. Commonality

Plaintiffs next argue commonality is met, and Defendants do not object. (*See* Docs. 331 at 8–11; 342.) To prove commonality, there must be a "common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. A plaintiff need only present "a single common question of law or fact that resolves a central issue." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 728 (9th Cir. 2020). To satisfy the requirement, not every issue of law and fact need to be common. *Juvera*, 294 F.R.D. at 521. "The existence of

---

[1] Plaintiffs note that Defendants have not updated these numbers since May 18, 2022, and that Plaintiffs believe the number is higher. (Doc. 331 at 8 n.3.)

shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class. *Id.* (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041–42 (9th Cir. 2012)).  "However, [i]f there is no evidence that the entire class was subject to the same allegedly [illegal] practice, there is no question common to the class." *Vega*, 583 F. Supp. 3d at 1261 (quoting *Ellis*, 657 F.3d at 983) (internal quotation marks omitted).  Yet, "[a] common contention need not be one that 'will be answered, on the merits, in favor of the class.'" *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1053 (9th Cir. 2015) (quoting *AmGen*, 568 U.S. at 459).

> Here, Plaintiffs argue that:
> Whether Defendants were required to keep records under Arizona law of all hours worked, whether they failed to do so, whether Defendants failed to pay required minimum wages . . . are common contentions . . . to each member of the class such that "determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."

(Doc. 331 at 9) (quoting *Wal-Mart*, 564 U.S. at 350.)  In *Vega*, the court determined the class's common question was whether the defendants' policies "violate state law by failing to timely compensate helpers for overtime and by routinely requiring helpers to perform unpaid work thereby failing to pay them minimum wage." 583 F. Supp. 3d at 1265; *see also Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 963 (9th Cir. 2013) (finding commonality when there was a "significant question of law" faced by the class on the legality of defendant's policy).  Plaintiffs here share a similar common question: Under the AMWA, whether Defendants were required to keep payroll records, and if so, failed to so, and whether Plaintiffs are therefore owed unpaid minimum wages.  If determined, it would provide answers sought by the entire proposed class.  For these reasons, the Court agrees that commonality is satisfied.

### 3.   <u>Typicality</u>

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  These requirements tend to merge, as "[b]oth serve as guideposts for determining whether under the particular

circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. at 157 n.13. "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). In reviewing for typicality, courts must determine "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Thus, "[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.* (cleaned up).

> Here, Plaintiffs argue typicality because:
> Named Plaintiffs allege that they and members of the punitive Rule 23 Class were harmed by Defendants' uniform policies and practices that required them to perform untracked and unpaid work that resulted in the violations of the Arizona Wage Statutes and that the Named Plaintiffs' claims are typical of those same wage violations harming all Rule 23 Class members.

(Doc. 331 at 11.) Defendants refute typicality by contending that "there are certain facts that are unique to the named Plaintiffs" that prevent a typicality finding. (Doc. 342 at 17.)

The four named Plaintiffs in this matter are Salazar, Carpenter, Lopez, and Hanna. First, Defendants note that Carpenter cites no minimum wage damages. (*See* Docs. 342 at 17; 332-3 at 54.) This strikes against typicality because Carpenter does not represent the proposed class's AMWA claim. Second, Defendants cites to one of Lopez's depositions by Lopez, which states that:

> Nearly all my compensation was determined as a percentage of the amount charged to The Driver Provider's customers, which was usually a flat-fee, or on occasion, an hourly rate charged to the customer. The amount paid to the Driver was based on the "level" assigned to the Driver by The Driver Provider. New hires were listed as a "Level 1." The highest level was "Level 3" with a mid-level being "Level 2." During the time I worked at Driver Provider, it was never explained to me, nor have I ever able to find out, how

> The Driver Provider determined a Driver's "level." Yet, pay was determined, in part, on which level a Driver, including myself, was rated.

(Doc. 38-3 at 7–8 ¶ 26.)  Defendants argue that Lopez conceded that he had no expectation to be paid any way other than a percentage of the amount charged to Defendants' customers.  However, Lopez is also claiming $2,750 in minimum wage damages. (Doc. 332-3 at 54.)  Likewise, Defendants point to Hanna's signing an agreement to work for commission.  (Doc. 38-4 at 60–62.)  But Hanna is also claiming $564 in minimum wage damages.  (Doc. 332-3 at 54.)  Finally, although Defendants do not raise any concerns with Salazar under the AMWA, the Court notes Salazar claims $1,156 in minimum wage damages.  (*Id.*)

It remains a question of law and fact whether the Named Plaintiffs are entitled to their alleged minimum wage damages.  Nevertheless, three out of four Named Plaintiffs allege such damages, satisfying the requirement that their claims be "typical" of the absent AMWA class members.  Typicality is satisfied.  *Hanlon*, 150 F.3d at 1020.

### 4.   Adequacy

To determine if the class representatives will fairly and adequately represent the interests of the class, the court must determine that the representatives have no conflicts with the class, have a common interest with the class, and that the named plaintiffs will prosecute the action vigorously on behalf of the class.  *Id.*; *Ellis*, 657 F.3d at 985.  In opposition, Defendants assert the same objections they raised towards typicality.  (*See* Doc. 342 at 17.)  The Court does not find these persuasive.  Of the named representatives, three out of four allege minimum wage damages.  Therefore, a majority of the class representatives represent the proposed AMWA class.  Furthermore, the Court notes that of the eighty-one FLSA opt-in plaintiffs, all but twenty-two individuals claim unpaid minimum wages.  (*See* Doc. 332-3 at 54–56.)  Plaintiffs have also provided evidence that at a minimum, Defendants attest there are 356 opt-out Plaintiffs in the proposed AMWA class as of May 18, 2022.  (*See* Doc. 331 at 8.)

Moreover, Plaintiffs argue the named representatives have actively pursued this

litigation for almost three years, have been deposed, and have provided written discovery. (*Id.* at 11.)  Plaintiffs also argue the class representatives have no interests adverse to the class members and have actively pursued the rights of the class.  (*Id.*)  Defendants do not dispute this, and the Court finds no evidence to the contrary.  Likewise, the evidence supports a finding that the class representatives are adequately seeking the same relief sought by the class—unpaid minimum wages.  For these reasons, the Court finds that the class representatives are adequately representing the class.  *Ellis*, 657 F.3d at 985; *Hanlon*, 150 F.3d at 1020.

In conclusion, Plaintiffs have satisfied Rule 23(a).

**B.      Rule 23(b)**

Along with satisfying Rule 23(a)'s requirements, Plaintiffs must also satisfy at least one requirement under Rule 23(b).

1.      Rule 23(b)(1) Certification

Plaintiffs argue they satisfy Rule 23(b)(1)(A) which allows for class certification if "prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."  Fed. R. Civ. P. 23(b)(1)(A).  Specifically, they argue that certification under the rule "is appropriate to avoid the risk that prosecution of separate actions by individual Rule 23 Class Members could impose conflicting requirements on Defendants."  (Doc. 331 at 13.) However, Defendants point out that certification requires more "than a risk that separate judgments would oblige the opposing party to pay damages to some class members but not to others or to pay them different amounts."  *Zinser*, 253 F.3d at 1193.  Rather, the Rule only applies if "different results in separate actions would impair the opposing party's ability to pursue a uniform continuing course of conduct."  *Id.* (cleaned up).  As such, the Ninth Circuit has repeatedly held that Rule 23(b)(1)(A) is not appropriate in actions where plaintiffs seek to recover damages.  *See, e.g.*, *id.*; *In re N. Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 851 (9th Cir. 1982), *as amended* (July 15, 1982); *Green*

1
2
*v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th Cir. 1976); *McDonnell-Douglas*
*Corp. v. U.S. Dist. Ct. For Cent. Dist. Cal.*, 523 F.2d 1083, 1086 (9th Cir. 1975).

3
4
5
6
7
8
       Plaintiffs refute Defendants' characterization that the nature of their claim's risk is
damages rather than the "numerous daily tasks Defendants require Drivers to perform that
are neither tracked nor compensated."  (Doc. 379 at 2.)  But Plaintiffs do not refute the
Ninth Circuit's precedent establishing that Rule 23(b)(1)(A) certification is inappropriate
for classes seeking damages.  Here, Plaintiffs exclusively seek minimum wage damages
under the AMWA.  Thus, the Court finds Plaintiffs do not satisfy Rule 23(b)(1)(A).

9
              2.      Rule 23(b)(2) Certification

10
11
12
13
14
15
16
17
       Rule 23(b)(2) permits certification "if the party opposing the class has acted or
refused to act on grounds that apply generally to the class, so that final injunctive relief or
corresponding declaratory relief is appropriate respecting the class as a whole."  However,
neither party raises this rule because it is inapplicable here.  "Rule 23(b)(2) is appropriate
only where the primary relief sought is declaratory or injunctive."  *Ellis*, 657 F.3d at 986
(quoting *Zinser*, 253 F.3d at 1195).  Although Plaintiffs request some declaratory relief, it
is not the primary relief sought.  For these reasons, the Court will not engage in an analysis
under this rule.

18
              3.      Rule 23(b)(3) Certification

19
20
21
22
23
24
25
26
27
28
       Under Rule 23(b)(3), class certification is permitted if "the court finds that the
questions of law or fact common to class members predominate over any questions
affecting only individual members, and that a class action is superior to other available
methods for fairly and efficiently adjudicating the controversy."  "Rule 23(b)(3) requires a
showing that questions common to the class predominate, not that those questions will be
answered, on the merits, in favor of the class."  *Amgen*, 568 U.S. at 459.  Furthermore, the
predominance requirements under the rule require more than a finding of mere
commonality, but "[w]hen common questions present a significant aspect of the case and
they can be resolved for all members of the class in a single adjudication, there is clear
justification for handling the dispute on a representative rather than on an individual basis."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Vega*, 583 F. Supp. 3d at 1263 (quoting *LaCross v. Knight Transp. Inc.*, No. CV-15-00990-PHX-JJT, 2022 WL 101196, at *4 (D. Ariz. Jan. 11, 2022)).

Lastly, before Rule 23(b)(3) certification can occur, the court must consider the superiority factors which include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) and the likely difficulties in managing a class action.

(quoting Fed. R. Civ. P. 23(b)).  *See LaCross*, 2022 WL 101196, at *6 ("A consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780 at 562 (2d ed. 1986))).

### a.      Predominance

Plaintiffs argue class certification is appropriate under Rule 23(b)(3) because the common questions of law and fact predominate for the class.  However, Defendants argue that even if Plaintiffs succeed in proving a common policy that led to Plaintiffs' alleged minimum wage damages, individual liability issues exist and predominate.  (Doc. 342 at 6.)  Defendants cite *Pryor v. Aerotek Sci.* to argue this case is predominated by a question of individual liability.  278 F.R.D. 516, 532 (C.D. Cal. 2011).  Specifically, Defendants cite to *Pryor*'s discussion that:

> Once the factfinder determines what Aerotek's policies are, that does not answer the ultimate question in the case—whether Aerotek's time reporting policies resulted in the under-compensation of and failure to pay overtime to putative class members. This is not merely a question of damages, it is a question of liability.

*Id.*  Defendants further urge this Court to follow *Pryor* because not every class member is asserting minimum wage damages, so proof of a common policy will not prove liability owed to the entire class.  Defendants support this argument with two cases where many class members asserted no damages.  *See Owen v. Regence Bluecross Blueshield of Utah*,

388 F. Supp. 2d 1318, 1334 (D. Utah 2005) ("[T]he proposed definition of the class is overbroad because many of the proposed class members have suffered no damages."); *Moriarty v. Am. Gen. Life Ins. Co.*, No. 3:17-cv-1709-BTM-WVG, 2022 WL 6584150, at *4 (S.D. Cal. Sept. 27, 2022) ("It would be misguided to certify a damages class where most class members have no damages.").

In contrast, Plaintiffs argue the Supreme Court has found that there are often elements of individual inquiry in any class, particularly when it comes to damages, but that does not equate to individual inquiries predominating over the class. *See Tyson Foods, Inc., v. Bouaphakeo*, 577 U.S. 442, 452–53 (2016) ("When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.").

Moreover, Plaintiffs argue that in *Vaquero*, the Ninth Circuit affirmed the predominance requirement in a wage and hour class action alleging violations of state law, and noted that wage and hour actions are well suited to satisfy this requirement regardless of the individuality of damage because:

> In a wage and hour case, unlike in an antitrust class action, the employer-defendant's actions necessarily caused the class members' injury. Defendants either paid or did not pay their sales associates for work performed. No other factor could have contributed to the alleged injury. Therefore, even if the measure of damages proposed here is imperfect, it cannot be disputed that the damages (if any are proved) stemmed from *Defendants'* actions.

*Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016); *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513–14 (9th Cir. 2013) (asserting that "[i]n [the Ninth Circuit] . . . damage calculations alone cannot defeat certification." (quoting *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010)).

The Court finds Defendants' arguments unpersuasive.  First, calculating damages for individual class members is not the predominating questions here—it is whether

Defendants had a duty to maintain a payroll record, whether they failed to do so under the law, and whether Plaintiffs are owed the alleged minimum wage damages.  The fact that there may be individual damages calculations is not dispositive for the predominance factor.  *See Tyson Foods*, 577 U.S. at 452.  And as previously stated, the Court finds Defendants' arguments here, that a high proportion of the class assert no minimum wage damages, unsupported by the evidence

Finally, Plaintiffs note that Defendants offer no arguments against certification regarding Plaintiffs' claim for failing to maintain records, *see* A.R.S. § 23-364(D), under the AMWA.  (Doc. 379 at 6.)  Defendants merely argue that the claim is not "cognizable," but make no attempt to refute that it is a predominate question amongst the class.  The Court agrees with Plaintiffs that the question of Defendants' record keeping duties and actions under the law are predominate, as anyone whose records were not maintained are entitled to up $1,000 under A.R.S. § 23-364(F).  The Court also finds the claim cognizable, as other courts have awarded damages under the statute.  *See Senne v. Kansas City Royals Baseball Corp.*, No. 14-00608, 2022 WL 783941, at *89 (N.D. Cal. Mar. 15, 2022) (finding damages under A.R.S. § 23-364(F) "for every Arizona class member whose payroll records were not maintained by Defendants").

For these reasons, the Court finds the class predominately shares the same common questions for their asserted claims under the AMWA.

b.    Superiority Factors

Under the first factor, the Court must weigh the interest of the class members in "individually controlling the prosecution or defense of separate actions.  Fed. R. Civ. P. 23(b)(3)(A).  Here, there are at least 356 drivers who have chosen *not* to opt-out of the AMWA class.  Therefore, the Court finds that the class members do not wish to individually control the prosecution of separate actions for their AMWA claims.

Second is "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class."  Fed. R. Civ. P. 23(b)(3)(B).  At present, this Court is not aware of any duplicative lawsuits.  This factor thus weighs in favor of

certifying the class.

Third is "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Fed. R. Civ. P. 23(b)(3)(C). The Court has already conditionally certified Plaintiffs' Fair Labor Standards Act ("FLSA") class (Doc. 91), and this case has been before the Court for over three years. (*See* Doc. 1.) Considering judicial economy, the extensive litigation and resources both parties have expended, and the familiarity the Court has with the case, there is desirability to maintain the litigation in the present forum.

Lastly is "the difficulties likely to be encountered in the management of the class action." Fed. R. Civ. P. 23(b)(3)(D). As previously noted, the Court has conditionally certified Plaintiffs' FLSA claim. At present, Defendants have filed a motion to decertify the FLSA class, and Plaintiffs filed for supplemental FLSA conditional certification—both of which are not ripe for review. Nevertheless, the Court does not currently perceive barriers preventing Plaintiffs from managing this class.

With both predominance and the superiority factors weighing in favor of certification, the Court finds Rule 23(b)(3) satisfied.

### C.    Class Counsel Certification

Under Rule 23(g)(1), once a Court certifies a class, it must also appoint class counsel. In doing so, the Court must consider:

> "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."

The Court finds that Martin & Bonnett, P.L.L.C. has the necessary experience in employment, wage and hour, and class action litigation to represent this class, has committed the necessary resources to this litigation, and has sufficiently demonstrated their capability to understand the law and claims at hand. The Court thus certifies Martin & Bonnett, P.L.L.C. as Class Counsel.

## V.     CONCLUSION

Accordingly,

**IT IS ORERDERD** that Plaintiffs' Motion for Rule 23 Class Certification be granted on Claim III of the Fourth Amended Complaint, violation of the AMWA, and denied without prejudice as moot on Claim II of the Fourth Amended Complaint, violation of the AWA.  (Doc. 331.)

**IT IS FURTHER ORDERED:**

**(a)** The Rule 23 Count III Claim is hereby certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3) with respect to the following class:

All current and former employees of The Driver Provider who performed chauffeur services in Arizona at any time from December 6, 2016 to the present. Excluded from the class are all owners, managers, supervisors, dispatchers, or other employees whose primary job responsibilities were not the provision of chauffeur services.

**(b)** The named Plaintiffs are appointed class representatives for purposes of the Rule 23 Class claims alleged in Count III of the Fourth Amended Complaint.  (Doc. 114.)

**(c)** The law firm of Martin & Bonnett, P.L.L.C. is appointed Class Counsel for purposes of the Rule 23 Class claims alleged in Count III of the Fourth Amended Complaint.  (Doc. 114.)

**(d)** Within fourteen (14) days after entry of this Order, Defendants shall provide Plaintiff's Counsel with a list of all current and former employees and workers as described by Paragraph (a) that includes the names, position(s) held, employment dates, employment location(s), the entity for whom the employee worked or works, the last known address, e-mail address, telephone number(s) (home and cell, if applicable), date of birth, and social security number (the "Rule 23 List"). The Rule 23 List should be transmitted to Class Counsel in searchable Microsoft Excel File format. Class Counsel is authorized to verify mailing addresses and contact information through the USPS NCOA database.

**(e)** The parties shall confer on and file a joint proposed notice to the Rule 23 Class within ten (10) days of this Order. If the parties are unable to agree on a notice, the parties are directed to file separate proposed notices within fourteen (14) days of this Order.

**(f)** Within twenty-one (21) days after entry of this Order, Defendants shall produce to Plaintiffs complete trip data, pay records, and time records for all members of the Rule 23 Class.

Dated this 13th day of February, 2023.

Honorable Susan M. Brnovich
United States District Judge