**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Reconsideration of Order (Doc. 410) Granting Defendants' Motion for Judgment on the Pleadings Or, Alternatively, to Certify an Interlocutory Appeal Under 28 U.S.C. § 1292(b). (Doc. 415.) Defendants filed a Response (Doc. 426). The Court exercises its discretion to resolve Plaintiffs' Motion for Reconsideration without oral argument. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). After reviewing the briefing and relevant law, the Court will deny Plaintiffs' Motion for the following reasons.

**I.      BACKGROUND**

In a recent Order (Doc. 410), the Court granted Defendants' Motion for Judgment on the Pleadings ("MJP") (Doc. 338), finding that Count II of the Fourth Amended Complaint asserting state law claims for unpaid overtime under the Arizona Wage Act ("AWA") was preempted under the Fair Labor Standards Act ("FLSA"). Plaintiffs argue the Court overlooked Federal Rule of Civil Procedure Rule 16 when granting Defendants' MJP because the preemption defense was not first pled in the Answer. (Doc. 415 at 3.)

Alternatively, Plaintiffs argue this issue should be certified for interlocutory appeal under 28 U.S.C. § 1292(b). (*Id.* at 9.)

## II. LEGAL STANDARD

"Motions to reconsider are appropriate only in rare circumstances." *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995). Such circumstances are when the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through." *Soetantyo*, 976 F. Supp. at 1302 (cleaned up). Motions for reconsideration should be denied if they only reiterate previous arguments. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995); *see also Ogden v. CDI Corp.*, No. CV 20-01490-PHX-CDB, 2021 WL 2634503, at *3 (D. Ariz. Jan. 6, 2021) (denying a motion for reconsideration when plaintiff did "nothing more than disagree with this Court as to the relevant law").

> 28 U.S.C. § 1292(b) controls certifying interlocutory appeals by providing that: When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

A district court may certify an interlocutory appeal "where it 'involves a controlling question of law as to which there is substantial ground for difference of opinion' and where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011) (quoting 28 U.S.C. § 1292(b)). However, "Section 1292(b) is a departure from the normal

rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). As such, a district court may deny interlocutory review when reversing the order in question would only expand the trial. *Valadez v. CSX Intermodal Terminals, Inc.*, No. 15-CV-05433-EDL, 2019 WL 13146777, at *2 (N.D. Cal. June 28, 2019). "The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *U.S. v. Tenet Healthcare Corp.*, No. CV04-857 GAF(JTLX), 2004 WL 3030121, at *1 (C.D. Cal. Dec. 27, 2004) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)). As such, "[e]ven when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04-1566-ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008) (quoting *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D. N.Y. 2003)).

### III.  DISCUSSION

#### A. Motion for Reconsideration

Plaintiffs raise the same Rule 16 arguments the Court considered before granting Defendants' MJP. The Court will not repeat the same analysis here, as Plaintiffs merely dispute the relevant law. *See Maraziti*, 52 F.3d at 255; *Ogden*, 2021 WL 2634503, at *3. However, the Court will reiterate that under Ninth Circuit precedent, Defendants' preemption defense may be raised for the first time in a motion for judgment on the pleadings if Plaintiffs are not prejudiced. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (also noting that the Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings"). Additionally, Defendants' Response notes that Rule 12(h)(2)(B) states a "legal defense to a claim may be raised . . . by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B). For these reasons, the Court will deny Plaintiffs' Motion for Reconsideration. *Maraziti*, 52 F.3d at 255.

#### B. Motion to Certify Interlocutory Appeal

The Court next considers if the justifying factors for certifying an interlocutory

appeal are satisfied.

### 1. Controlling Question of Law

An issue of law is controlling if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Movants do not need to prove litigation would be terminated if reversed, only that reversal would "appreciably shorten the time, effort, or expense of conducting a lawsuit." *Id.* Here, Plaintiffs cite to cases where questions of preemption were certified on interlocutory appeal. *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008).

The Court does not find that this case presents a controlling issue of law that necessitates an interlocutory appeal. The Court relied on this District's precedent when finding that Plaintiffs are precluded from alleging unpaid overtime and treble damages under the AWA based solely on FLSA violations. *See Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2008 WL 6566637, at *4 (D. Ariz. Sept. 18, 2008); *Finton v. Cleveland Indians Baseball Co. LLC*, No. CV-19-02319-PHX-MTL, 2021 WL 1610199, at *2 (D. Ariz. Apr. 26, 2021). Furthermore, the Court granted Plaintiffs leave to amend their complaint to assert unpaid straight time claims under the AWA, which Plaintiffs have done. The Court has thus not precluded Plaintiffs from bringing an AWA claim entirely, only AWA claims that this District has found to be precluded. For these reasons, the Court does not find this to be a controlling issue of law that if reversed would "appreciably shorten the time, effort, or expense" of this lawsuit, but would rather expand a case that has been ongoing since December 2019. *In re Cement Antitrust Litig.*, 673 F.2d at 1026; *see also Valadez*, 2019 WL 13146777, at *2 ("Interlocutory review may be denied where reversal of the court's order would only expand the trial, not terminate or limit it.").

### 2. Substantial Ground for Difference of Opinion

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese*,

- 4 -

643 F.3d at 688. This factor is usually found where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). "Conflicting and contradictory opinions can provide substantial grounds for a difference of opinion." *Knipe*, 583 F. Supp. 2d at 600.

Plaintiffs allege that this District is split on the preemption issue. *Compare TriVita*, 2008 WL 6566637, at *4; *Finton*, 2021 WL 1610199, at *2, *with Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 760 (9th Cir. 2010), *vacated on other grounds*, 565 U.S. 801 (2011), *and Weeks v. Matrix Absence Mgmt. Inc.*, No. CV-20-00884-PHX-SPL, 2022 WL 523323, at *3 (D. Ariz. Feb. 22, 2022) (relying on *Wang*), *and Blazek v. Heavens Urgent Care LLC*, No. CV-21-01425-PHX-DGC, 2022 WL 17361771, at 4–5 (D. Ariz. Dec. 1, 2022) (relying on *Weeks*), *and Rose v. Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2011 WL 196842, at *4 (D. Ariz. Feb. 22, 2022) (relying on *Wang* before it was vacated). However, the Court's previous Order explains that *Weeks* is distinguishable because unlike the Oregon statute the case relied on, the AWA does not provide Plaintiffs with a private right of action. (*See* Doc. 410.) Furthermore, Plaintiffs' cited cases are either distinguishable, reliant upon vacated Ninth Circuit precedent, or both.

Lastly, Plaintiffs argue that the Second, Third, and Seventh Circuits have rejected claims that the FLSA preempts state law claims derived on the FLSA, but the Fourth Circuit reached a different conclusion. (Doc. 415 at 12.) Defendants did not address this argument in the Response. The Court agrees that there is a difference in opinion amongst the Circuits, and that the Ninth Circuit has yet to speak on the issue since *Wang* was vacated. While the Court may consider *Wang* persuasive authority, it is still more persuaded by existing precedent from within our District. As such, the Court does not find that this factor alone would justify certifying an interlocutory appeal and further extending this litigation. *See Tenet Healthcare Corp.*, 2004 WL 3030121, at *1; *Brizzee*, 2008 WL 426510, at *3.

### 3. Immediate Appeal May Materially Advance the Termination of Litigation

"By 28 U.S.C. § 1292(b), Congress provided a means by which, in appropriate circumstances and to further economy of litigation, full appellate review of important questions can be had prior to final judgment." *Arthur Young & Co. v. U.S. Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977). Nevertheless, "where a substantial amount of litigation remains in the case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of the litigation are unpersuasive." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1072 (D. Ariz. 2015) (cleaned up).

Plaintiff argues that an immediate appeal will advance the termination of litigation because a trial on the AWA claims and damages is likely, this decision impacts Defendants' liability and Plaintiffs' recovery, settlements will be impaired if "appellate proceedings are delayed to the conclusion of the case," and "[a] definitive and binding Ninth Circuit decision on this issue now would help the parties avoid the necessity of an additional round of damages determinations if the Ninth Circuit disagrees with this Court." (Doc. 415 at 16.) Defendants counter that: (1) Plaintiffs' AWA claims are largely duplicative of their FLSA claims; (2) regardless of an interlocutory appeal significant litigations remains; and (3) "Plaintiffs do not contend that reversal by the Ninth Circuit following trial would require a second trial," but that it would require "an additional round of damages determinations." (Doc. 426 at 7.) The Court agrees with Defendants that Plaintiffs do not articulate how an interlocutory appeal would advance the termination of litigation, especially when Plaintiffs do not anticipate needing a second trial. Rather, as Defendants argue, interlocutory appeal could delay this litigation by twelve to eighteen months. (*Id.*) Considering the lengthy delay an interlocutory appeal could add upon a case that has been ongoing since December 2019, the Court finds that certification would impair the termination of this litigation—especially considering the pending motions regarding Plaintiffs' certified FLSA and Arizona Minimum Wage Act classes, and Plaintiffs' Fifth Amended Complaint asserting AWA straight time violations. *See Villarreal*, 85 F. Supp.

3d at 1072.  The Court will, in its discretion, deny the request to certify an interlocutory appeal.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiffs' Motion for Reconsideration Or, Alternatively, to Certify an Interlocutory Appeal.  (Doc. 415.)

Dated this 1st day of March, 2023.

Honorable Susan M. Brnovich
United States District Judge