**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Strike New Affirmative Defenses from Defendants' Answer to Fifth Amended Complaint (Doc. 432). Defendants filed a response (Doc. 435), and Plaintiffs replied (Doc. 440). The Court exercises its discretion to resolve this motion without oral argument. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). Having considered the parties' briefing and arguments, as well as the relevant rules and caselaw, the Court will grant in part and deny in part Plaintiffs' Motion for the reasons below.

**I.    BACKGROUND**

Plaintiffs' Fifth Amended Complaint ("Complaint") (Doc. 413) brings collective action and class action claims, alleging Defendants' failure to compensate minimum and overtime wages. (Doc. 413 at 2–3.) This Compliant was filed after the Court's January 12, 2023 Order granting Defendants' Motion for Judgment on the Pleadings (Doc. 410). In this Order, the Court granted Plaintiffs leave to amend their previous complaint to add their claim for unpaid straight time under Arizona law. (*Id.*). In the current Complaint,

Plaintiffs assert Defendants failed to pay (1) overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA"); (2) overtime and straight-time wages in violation of the Arizona Wage Act ("AWA") under Ariz. Rev. Stat. § 23-351; and (3) minimum wages in violation of the Arizona Minimum Wage Act under Ariz. Rev. Stat. § 23-363. (Doc. 413 at 26–29.) Defendants' answer denied Plaintiffs' allegations and asserts multiple affirmative defenses. (Doc. 422.) Plaintiffs now seek to strike three of these affirmative defenses under Fed. R. Civ. P. 12(f) and LRCiv 7.2(m): (1) affirmative defense four, alleging application of the Motor Carrier Act ("MCA" exemption); (2) affirmative defense five, alleging federal preemption by the FLSA of the overtime claims under the AWA; and (3) affirmative defense twenty-five, alleging application of the 29 U.S.C. § 259 safe harbor that would act as a complete bar to liability under the FLSA. (Doc. 432 at 2.)

## II. LEGAL STANDARD

Under the local rules, LR Civ 7.2(m):

> Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

Plaintiffs seek to utilize Fed. R. Civ. P. 12(f). This rule provides that on its own or by motion by either party, "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). These motions are generally disfavored "because they are often used to delay and because of the limited importance of the pleadings in federal practice." *Richardson v. Wright Med. Tech. Inc.*, No. CV-21-00594-PHX-SMB, 2021 WL 5998517, at *5 (D. Ariz. Dec. 17, 2021) (quoting *Bilyeu v. Morgan Stanley Long-Term Disability Plan*, No. CV-08-02071-PHX-SRB, 2013 WL 12365543, at *1 (D. Ariz. Sept. 18, 2013)).

The Federal Rules of Civil Procedure do not address whether a defendant may assert

previously unasserted affirmative defenses in response to an amended complaint. Federal courts have taken three approaches in evaluating newly asserted defenses in these settings—narrow, permissive, and moderate. First, the narrow approach requires that any newly asserted defenses must be confined specifically to amendments in the complaint. *See Ramsay-Nobles v. Keyser*, No. 16 Civ. 5778 (CM), 2018 WL 6985228, at *3 (S.D.N.Y. Dec. 18, 2018). Second, the permissive approach treats any amendment of an answer as a matter of right, regardless of whether it is related to any amendment of the complaint. *Hydro Eng'g, Inc. v. Petter Invs., Inc.*, No. 2:11-cv-00139-RJS-EJF, 2013 WL 1194732, at *2 (D. Utah Mar. 22, 2013). And third, the moderate approach, which limits the changes in an amended answer to the breadth of changes in the amended complaint that changed the theory or scope of the case. *Coppola v. Smith*, No. 1:11-CV-1257 AWI BAM, 2015 WL 2127965, at *2 (E.D. Cal. May 6, 2015); *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997). Accordingly, under the moderate approach, the changes to Defendants' answer must be similar in scope to the amendments made to the Complaint. *See Slim CD, Inc. v. Heartland Payment Sys., Inc.*, Civ. A. No. 06-2256, 2007 WL 2459349, at *6–7 (D.N.J. Aug. 24, 2007).

The moderate approach also most directly comports with the current language of Federal Rule of Civil Procedure 15. Even considering the recent amendment to the rule, which removed the phrase "plead in response," the moderate approach is still supported. The advisory committee's note to the amendment indicated that the change was intended to create new time limits for filing responsive pleadings. *See Buffalo Wild Wings v. Buffalo Wings & Rings, LLC*, No. 09-CV-1426 (JRT/SER), 2011 WL 2261298, at *3 n.5 (D. Minn. Mar. 21, 2011). And in keeping with the Rules, "a district court must exercise its sound discretion under Rules 8 and 15 in deciding whether to allow the late addition of a new affirmative defense." *Id.*

Moreover, the moderate approach supports judicial economy. As one district court put it, "if every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or

1  precluded could be revived without cause.  This would deprive the Court of its ability to
2  effectively manage the litigation." *EEOC v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227
3  (S.D.N.Y. 2002).  For these reasons, the moderate approach predominates among federal
4  courts.  *Uniroyal Chem. Co., Inc. v. Syngenta Crop Prot., Inc.,* No. 3:02CV02253 (AHN),
5  2005 WL 677806, at *2 (D. Conn. Mar. 23, 2005) (adopting moderate approach and citing
6  cases).  The Court finds this approach and reasoning persuasive and will adopt it here.

**III. DISCUSSION**

Plaintiffs argue that each of these affirmative defenses were available to Defendants when the case was first filed. (Doc. 432 at 4.) They further argue that these defenses would have "applied or not applied irrespective of the additional allegations in support of Plaintiffs' straight time claims under the AWA." (*Id.*)  Therefore, Plaintiffs conclude that Defendants cannot assert these defenses without leave of court. (*Id.*) Defendants counter that Plaintiffs' newly added straight time allegation changes the scope of Plaintiffs' claims and therefore opens the door to new affirmative defenses. (Doc. 435 at 2.)  The Court will discuss each affirmative defense in turn.

**A. MCA Exemption**

First, Plaintiffs seek to strike Defendants' affirmative defense alleging application of the MCA exemption.  The FLSA requires employers to pay overtime wages to any employee that works more than forty hours in a week.  29 U.S.C. § 207(a)(1).  However, Section 213(b)(1) provides that employees whose qualifications and maximum hours of driving are subject to regulation by the Secretary of Transportation ("the Secretary") per the Motor Carrier Act are exempt from this overtime requirement.  29 U.S.C. § 213(b)(1); *Reich v. Am. Driver Serv., Inc.*, 33 F.3d 1153, 1155 (9th Cir. 1994).  In accord with the regulatory authority of the Department of Transportation, the MCA exemption covers employees of motor private carriers who engage in activities affecting the safe operation of motor vehicles on public highways and involve the transportation of goods in interstate commerce.  49 U.S.C. § 31502.  The Secretary need not actually regulate the driver or his employer for this exemption to apply—rather it applies whenever the Secretary merely has

the authority to regulate a driver's hours and safety. *See Klitzke v. Steiner Corp.*, 110 F.3d 1465, 1468 (9th Cir. 1997).

Plaintiffs argue that the straight time allegations did not change the scope of claims that could support this MCA defense. (Doc. 432 at 5.) Plaintiffs also point out that Defendants attempted to add this affirmative defense earlier in this litigation, but their attempt was denied by the Court. (*Id.* at 4–5; Doc. 408). However, Defendants now contend that this defense specifically applies to the new allegations in the Complaint that relate to Plaintiffs' expectations to be paid in accordance with their "reasonable expectations." (Doc. 435 at 8–9.)

The Court finds that the straight time allegations did not sufficiently change the scope of the claim to allow the MCA defense. First, the statutory language and case law make it clear that the MCA exemption applies specifically to overtime pay under the FLSA, not straight time pay under the AWA. *See* 29 U.S.C. § 213(b)(1); *Reich*, 33 F.3d at 1155. On that ground alone, the MCA defense goes beyond the breadth of the straight time allegation in the Complaint. Plaintiffs' reliance on *Schade v. Diethrich*, 760 P.2d 1050 (Ariz. 1988) to reframe this allegation as a failure to compensate Plaintiffs in accordance with their reasonable expectations is unavailing. It transforms application of a specific statutory overtime exemption into a generalized allegation under any non-discretionary compensation. This reading stretches the exemption beyond its limits. In short, this defense would have applied or not applied irrespective of the straight time allegation. As such, Defendants' addition of the MCA defense fails the moderate approach.

Moreover, permitting an MCA defense would require reopening discovery and further delay this litigation. As the Court stated in a previous Order, Defendants failed to establish good cause for adding this defense earlier in the litigation. (Doc. 408 at 4–5.) Defendants' argument merely appears to be an attempt to now add it via another avenue. The Court will not permit this endeavor. Therefore, the Court will strike Defendants' MCA preemption defense without leave to amend.

### B. Federal Preemption

Second, Plaintiffs seek to strike Defendants' affirmative defense alleging federal preemption by the FLSA of the overtime claims under the AWA. (Doc. 432 at 2.) Plaintiffs argue that Defendants' federal preemption defense does not relate to the straight time allegation. (*Id.* at 5.) Defendants counter that they were not required to plead preemption so long as it was previously raised in a Rule 12(c) motion. (Doc. 435 at 8.)

Defendants have already sufficiently plead preemption in this case, and therefore may plead it again in their amended answer. The Court has previously found the preemption defense valid. (Docs. 410, 439.) Defendants properly raised the preemption defense for the first time in a motion for judgment on the pleadings. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (also noting that the Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings"). Plaintiffs contend that during oral argument on their Motion for Judgment on the Pleadings Defendants conceded that Plaintiffs could make a straight time claim under the AWA. Plaintiffs contend that this concession counteracts the currently asserted affirmative defense. The Court disagrees. The Defendants' recognition that Plaintiffs "may" make a claim does not concede its validity or act as a promise not to contest it.

Even granting the straight time allegation as a new theory of recovery, Defendants can plead preemption as an affirmative defense under the moderate approach. Defendants assert this affirmative defense directly in response to the straight time claim—which arguably changed the theory of recovery. This response is similar in scope to the amendment made to the Complaint. The Court recognizes that this preemption defense may not be successful. *See Finton v. Cleveland Indians Baseball Co.*, No. CV-19-02319-PHX-MTL, 2021 WL 1610199, at *2 (D. Ariz. Apr. 26, 2021) (The FLSA does not preempt unpaid hours asserted under the AWA that do not constitute overtime, but it does preempt overtime hours). But whether the defense is successful is a question that falls outside this Order's scope. Defendants properly asserted this defense previously, and it can now be

asserted under the moderate approach adopted by the Court.  Therefore, the Court will not strike Defendants' federal preemption defense.

### C.  Section 259 Safe Harbor

Lastly, Plaintiffs seek to strike Defendants' affirmative defense alleging that application of the 29 U.S.C. § 259 safe harbor acts as a complete bar to liability under the FLSA in this case.  (Doc. 432 at 2.)  This defense asserts that Defendants are not liable pursuant to 29 U.S.C. § 259 "because their actions were in good faith conformity and reliance on an order, ruling, approval or interpretation of the United States Department of Labor." (Doc. 422 at 16.)  Plaintiffs argue that this defense has not been previously asserted and that they never impliedly consented to the defense.  (Doc. 432 at 5–6.)  Defendants counter that they previously pled the safe harbor defense and that Plaintiffs have conducted discovery on the topic and were therefore aware of and impliedly consented to this defense. (Doc. 435 at 9.)  In making this argument, Defendants rely on their disclosure of a Department of Labor ("DOL") report regarding the 7(i) exemption during initial discovery. (Doc. 435 at 10–11.)  Defendants also note that Plaintiffs' expert Randall O'Neal's report comments on this DOL report, thereby showing that Plaintiffs had further knowledge of this defense.  (*Id.* at 11.)

A Section 259 defense "is established where defendant shows he acted in (1) good faith; (2) conformity with; and (3) reliance on [a written administrative regulation, order, ruling, approval, or interpretation]." *Bollinger v. Residential Cap., LLC*, 761 F. Supp. 2d 1114, 1118 (W.D. Wash. 2011) (alteration in original) (citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 907 (9th Cir. 2003)).  The statute requires that Defendants "plead[] and prove[]" this defense. *See* 29 U.S.C. § 259.  Defendants' assertions do not meet this bar.  Merely referencing earlier discovery responses does not rise to the level of actually pleading the defense.  Moreover, these assertions did not provide adequate notice to Plaintiffs that Defendants were asserting this defense.  *See In re Bush*, No. ADV 03-00824, 200 WL 6960185, at *6 (B.A.P. 9th Cir. Dec. 15, 2005).  Although courts may allow defendants to raise affirmative defenses outside of the pleadings, there must be some indication of notice

to the Plaintiff that they are raising said defense. *Id.* Raising this affirmative defense now, after the close of discovery, prejudices the Plaintiffs. *See Lexcels Sols. V. MasterCard Int'l, Inc.*, No. CV 03-1454-PHX-JAT, 2005 WL 8160871, at *3 (D. Ariz. Mar. 25, 2005).

Additionally, Plaintiffs' assertion of the AWA straight time allegation does not grant Defendants license to plead this affirmative defense. Given the relevant statutory requirement, the defense was not properly raised beforehand. Therefore, it is considered a new affirmative defense. Under the moderate approach, Plaintiffs' straight time allegation does not sufficiently change the theory or scope of this case to implicate this affirmative defense. A defense that claims a complete bar to liability under the FLSA goes far beyond a claim for straight time pay under a state statute. *See Slim CD, Inc.*, 2007 WL 2459349, at *6.

The Court will strike Defendants' Section 259 defense. Due to prejudice to Plaintiffs, the Court will not grant leave to amend. *See Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 467 (S.D. Cal. 2013).

### IV. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Plaintiffs' Motion to Strike New Affirmative Defenses from Defendants' Answer to Fifth Amended Complaint (Doc. 432) is granted in part and denied in part.

Dated this 18th day of September, 2023.

Honorable Susan M. Brnovich
United States District Judge