**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Exclude Evidence and for Sanctions (Doc. 554.) Defendants responded (Doc. 556), and Plaintiffs replied (Doc. 557). Oral argument was held on September 13, 2023. Having considered the parties' briefing and arguments, as well as the relevant rules and case law, the Court will grant in part and deny in part Plaintiffs' Motion for the following reasons.

**I.  BACKGROUND**

This discovery dispute arises from the timing and format of one of Defendants' discovery responses. This case was initially filed in December 2019 and is subject to the District of Arizona's Mandatory Initial Discovery Pilot Project ("MIDP"), which applies to most civil cases filed between May 1, 2017 and May 1, 2020. (*See* Doc. 4.)

In their first set of interrogatories and requests for production, Plaintiffs requested Defendants' full financial information by year and by entity. (Doc. 554 at 2.) The parties met and conferred about this request, and Defendants objected to producing this information without a protective order. (Doc. 556 at 3). The Court entered a protective

order on March 16, 2021 and subsequently directed the parties to resolve discovery disputes through personal consultation and sincere effort. (Doc. 92 at 3.) The Court also requested the parties request a telephone conference to resolve any discovery disputes. (*Id.*)

The parties then met and conferred about this discovery request numerous times. Altogether, there were fourteen communications between the parties regarding this information. After much delay, Defendants produced the requested information, however it was not broken up in the manner requested. Instead, Defendants produced it in a format that combined all the entities' revenue across all years. (Doc. 554 at 5). Plaintiffs again requested the breakout by entity and year, and Defendants stated they were looking into whether they could obtain the information in that format. (*Id.*) Defendants eventually provided the information in the requested format on June 29, 2023, after Plaintiffs had moved for summary judgment. (*Id.*)

Plaintiffs now request that (1) this information be excluded from consideration for the remainder of the case; (2) Defendants pay Plaintiffs' reasonable attorneys' fees and costs incurred in filing this Motion, and (3) the Court impose any additional sanctions the Court deems appropriate. (*Id.* at 14).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides a wide range of sanctions for a party's failure to comply with discovery orders. *United States v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980). One possible sanction is "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). The Rule also provides that instead of, or in addition to, the other sanction options "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Moreover, under Rule 37(c)(1), a party that fails to provide

information as required by Rule 26(a) "is not allowed to use that information . . . on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

As mentioned, this case is governed by the Mandatory Initial Discovery Pilot ("MIDP"). The MIDP Order has more expansive obligations than Federal Rule of Civil Procedure 26. First, the MIDP requires disclosure of all documents and information that a party believes "may be relevant to any party's claims or defenses." (Doc. 4 at 7.) Courts have applied both Rule 37(b)(2) and 37(c)(1) in addressing MIDP violations. *SiteLock LLC v. GoDaddy.com LLC*, No CV-19-02746-PHX-DWL, 2021 WL 2895503, at *6 (D. Ariz. July 9, 2021). The MIDP also addresses an attorneys' continuing disclosure obligations, noting that "[e]ach party's response must be based on the information then reasonably available to it. A party is not excused from providing its response because it has not fully investigated the case . . . . Responses must be signed under oath by the party, certifying that it is complete and correct as of the time it was made based on the party's knowledge, information, and belief formed after a reasonable inquiry, and signed under Rule 26(g) by the attorney." (Doc. 4 at 4.) Additionally, Rule 26(g) provides that "[b]y signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g).

Federal courts also retain the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). This power includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*, 432 F. App'x 657, 659 (9th Cir. 2011) ("A court may levy a sanction on the basis of its own inherent power when a party has acted in bad faith, vexatiously, wantonly or, for oppressive reasons.") (internal quotation omitted). One permissible sanction is an order instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side.

*Chambers*, 501 U.S. at 45.

## III. DISCUSSION

### A. Exclusion

Plaintiffs argue that Defendants' failure to provide the information in the requested format violated both the relevant Rules and Defendants' obligations under the MIDP Order. (Doc. 554 at 11–12.) Plaintiffs also argue that the late disclosure caused them substantial harm. (*Id.* at 12–13.) Defendants claim that these requests presented a "moving target" and that Plaintiffs ultimately suffered no harm because Defendants produced the information in the requested format prior to the discovery cutoff. (Doc. 556 at 1–2, 6.) Defendants also contend that the breakdowns by location and entity were not required under the MIDP Order because they did not believe this information was relevant to any of Plaintiffs' claims or defenses. (*Id.* at 2–4.)

The Court finds Defendants' arguments unavailing. First, the financial information organized by location and entity was repeatedly requested by Plaintiffs in clear terms. Defendants had every opportunity and sufficient time to produce it. This is proven by the January 2023 deposition of Kendra Kaplan. Under oath, Ms. Kaplan confirmed that the requested information could be produced by location and entity. Second, nothing in the record supports that the data could not have been broken down in this manner at an earlier date. Defendants provided excuses and told Plaintiffs' counsel that they were still working with their clients on getting the information in the correct format. Curiously, these excuses were given even after Ms. Kaplan's deposition. Given these facts, Defendants seemed to be merely engaging in a stalling tactic.

This behavior runs contrary to the MIDP order and the applicable Federal Rules of Civil Procedure. Even if Defendants' counsel thought they could not produce the information in the requested format beforehand, Ms. Kaplan's deposition made it clear that it was possible. Upon learning this information, Defendants' counsel had a responsibility to provide the data in the requested format. This is especially true given the parties' long-standing dispute over this specific data. The persistent nature of the dispute further proves

1 that this information was relevant. Moreover, any discovery response after this deposition 2 that did not provide the data in the requested format violates both the MIDP Order and 3 Rule 26(g). After the deposition, the information was "readily available" to Defendants' 4 counsel, and they were required to produce it under the terms of the MIDP Order. 5 Additionally, any discovery response referencing this information without producing it in 6 the correct format violated Rule 26(g), as the failure to provide it ensured the response was 7 not "complete and correct." In short, Plaintiffs have shown that a disclosure violation 8 occurred. Defendants' failure to turn over the requested information calls for the remedy 9 provided by Rule 37(b)(2)(A)(ii)—exclusion.

10 Defendants do not find any relief in Rule 37(c)(1). Given the above facts, this 11 withholding of information was not "substantially justified." Defendants had no reason to 12 withhold the data broken down by location and entity, particularly after the deposition. 13 Defendants' blanket response that the information is irrelevant does not rise to the level of 14 a good faith legal dispute over the relevance of the data. *See Top Brand LLC v. Cozy* 15 *Comfort Co.,* LLC No. CV-21-00597-PHX-SPL, 2023 WL 4533963, at *3 (D. Ariz. July 16 13, 2023). For these reasons, substantial justification was lacking. Furthermore, the 17 belated production prejudiced Plaintiffs because they were unable to use the data in 18 developing their case and potentially rebutting one of Defendants' affirmative defenses. 19 Defendants have not, and cannot, show substantial justification for keeping this 20 information from Plaintiffs, and the failure to timely disclose it prejudiced Plaintiffs.

21 Accordingly, Defendants' efforts to keep the data as organized by location and 22 entity from Plaintiffs did not comply with the letter or spirit of the MIDP Order and the 23 relevant Rules. Therefore, exclusion is both warranted and necessary. Consistent with 24 Rule 37(b)(2)(A)(ii), the Court will exclude the financial information organized by location 25 and entity—as provided by the Defendants on June 29, 2023 and attached as Exhibits A 26 and B to the Declaration of Douglas Trey Lynn (Doc. 540-1) —from the remainder of the 27 case.

**B. Attorneys' Fees**

Plaintiffs argue that an award of attorneys' fees is required under the applicable Rules and cites authority in which courts have ordered payment of fees over discovery disputes. (Doc. 554 at 14.) Plaintiffs also argue that they were not required to bring this dispute to the Court's attention during discovery. (Doc. 557 at 11.) Defendants again argue that their actions were proper and do not rise to the level of the requested sanction of attorneys' fees. (Doc. 556 at 2.) Defendants also argue that an award of fees would be improper because Plaintiffs did not follow the discovery dispute procedures set forth in the Case Management Order. (*Id.* at 6.)

Plaintiffs cite to *Haroon's Halal Kabob LLC v. Food Truck Builders of Phoenix.com LLC*, 600 F. Supp. 3d 987 (D. Ariz. 2022) to support that they were not required to compel this discovery before seeking sanctions. (Doc. 557 at 11–12). However, this case, and the other cases Plaintiffs cite in which courts awarded fees, are distinguishable. Specifically, *Haroon's* stands for the proposition that Rule 37(c)(1) sanctions are self-executing. 600 F. Supp. 3d at 990. As a general principle, that remains true. But the *Haroon's* court did not deal with an earlier court order prescribing a discovery dispute procedure. Here, the Court *specifically ordered* that parties request a telephone conference to resolve any discovery disputes. (Doc. 92 at 3.) As such, Plaintiffs were required to promptly call the Court with Defendants to resolve this issue. Doing so would have likely avoided this Motion, the subsequent response and reply, and this resulting Order. Plaintiffs' failure to follow this instruction is a circumstance that makes an "award of expenses unjust" under Rule 37(b)(2)(C). Therefore, the Court will deny Plaintiffs' request that Defendants pay Plaintiffs' reasonable attorneys' fees and costs incurred in filing this motion.

**IV. CONCLUSION**

For the reasons discussed above,

…

…

…

**IT IS ORDERED** that Plaintiffs' Motion to Exclude Evidence and for Sanctions is granted in part and denied in part.

Dated this 21st day of September, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge