**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Decertify the Rule 23 Class. (Doc. 495). Defendants filed a Response (Doc. 512), and Plaintiffs filed a Reply (Doc. 523). The Court heard oral argument on October 25, 2023. After reviewing the parties' arguments and the relevant law, the Court will deny Defendants' Motion for the reasons set forth below.

**I.    BACKGROUND**

Earlier in this litigation, the Court granted certification on Claim III of the Fourth Amended Complaint, which asserted a violation of the Arizona Minimum Wage Act ("AMWA"). (Doc. 427 at 14.) The Court certified the following class:

> All current and former employees of The Driver Provider who performed chauffeur services in Arizona at any time from December 6, 2016 to the present. Excluded from the class are all owners, managers, supervisors, dispatchers, or other employees whose primary job responsibilities were not the provision of chauffeur services.

(*Id.*)

Defendants now argue that this class should be decertified due to new factual circumstances revealed through expert discovery. (Doc. 495 at 3.)

## II. LEGAL STANDARD

Per Fed. R. Civ. P. 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." A district court "retains the flexibility to address problems with a certified class as they arise, including the ability to decertify." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Intern. Union v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010). "Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation." *Id.* This reconsideration typically occurs because of a change in circumstances in the case. *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013). In the absence of "materially changed or clarified circumstances" courts should not entertain "a series of rearguments" on the class certification. *Id.*

The party seeking decertification must make a "showing of changed circumstances or law." *Maldonado v. Apple, Inc.*, No. 16-04067, 2021 WL 1947512, at *2 (N.D. Cal. May 14, 2021). If this initial burden is met, then the plaintiff is required to demonstrate that the class action should still be maintained. *Id.* (citing *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 946 (9th Cir. 2011)).

## III. DISCUSSION

The crux of this dispute is whether, given recent expert discovery, Plaintiffs were similarly situated for purposes of evaluating whether they were "engaged to wait" or "waiting to be engaged" during breaks. Time an employee spends "waiting to be engaged" is not compensable, while time spent "engaged to wait" is compensable. *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 350–51 (9th Cir. 1992). An employee is only compensable for idle time when "the employee is unable to use the time effectively for his own purposes." 29 C.F.R. § 785.15. Put another way, time spent waiting is compensable when the waiting time is spent primarily for the benefit of the employer and its business. *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *Owens*, 971 F.2d at 350. In determining who is benefitted by wait time, courts consider: (1) the agreement between the parties; and (2) the degree to which the employee is free to engage in personal

activities. *Owens*, 971 F.2d at 350.

Defendants argue that expert discovery shows Plaintiffs' claims require an individualized analysis to determine "whether the breaks between customer rides constitute compensable time for minimum wage purposes." (Doc. 495 at 3.) Defendants contend that this analysis will be highly fact intensive and individualized, thereby ensuring that it is no longer feasible for class treatment. (Doc. 523 at 3.) Defendants also contend that Plaintiffs' time keeping procedures expressly provide that Drivers "can engage in personal activities during break times." (Doc. 495 at 7.) Therefore, Defendants argue that Plaintiffs were subject to "differing employment practices" and cannot show that they were similarly situated to determine whether they were "engaged to wait" or "waiting to be engaged" during their breaks. (*Id.* at 7–10.) In part of proving this, Defendants contend that Plaintiffs' expert witness, David Breshears, suggested that a class is not feasible. (*Id.* at 7–8.)

Defendants also argue that the factors courts analyze to determine whether an employee is "engaged to wait" show that the Plaintiffs are not similarly situated. (Doc. 495 at 6–7.) These factors include:

> (1) whether there was an on-premises living requirement; (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive; (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities; (6) whether use of a pager could ease restrictions; and (7) whether the employee had actually engaged in personal activities during call-in time.

*Owens*, 971 F.2d at 351 (compiling cases). No single factor is dispositive. *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 936 (9th Cir. 2004). Defendants argue that the Court should "balance the factors permitting personal activities against the factors restricting personal activities" to determine whether an employee is restricted to a degree that they are "engaged to wait." (Doc. 495 at 6.)

Plaintiffs argue that Defendants have not met their burden to show sufficiently changed circumstances to call for decertification. (Doc. 512 at 4–5.) In fact, Plaintiffs prepared a chart in their response that shows the same evidence was relied on to oppose

- 3 -

class certification as is being used now, except for the addition of the expert reports. (*Id.* at 5–6.) Plaintiffs counter the substantive argument by pointing out that Drivers are performing active work between trips such as cleaning out the vehicle, traveling to next pickup location, and corresponding with the company. (*Id.* at 10.) As such, Plaintiffs contend that the Drivers are "engaged to wait" because they cannot use this time between trips for their own purposes. (*Id.* at 11.) Plaintiffs assert that the evidence shows that if Drivers wished to complete a personal task in between trips, they were required to ask for permission. (*Id.* at 14–15.) As further evidence, Plaintiffs point to deposition testimony showing that the Drivers are subject to reprimand if they decline a new trip assigned in between scheduled trips while they are on duty. (*Id.* at 11–13.) Plaintiffs also argue that Defendants misconstrue Mr. Breshears' testimony and that nothing in his report or testimony warrants decertification. (*Id.* at 7.) The Court agrees.

The recent factual developments do not require the Court to decertify the current Rule 23 class. First, many of Defendants' arguments center on damages and were previously considered in the Court's ruling on class certification. (*See* Doc. 427.) As the Court has already stated, calculating damages for individual class members is not the predominating question. (*Id.* at 11.) Instead, it is whether Defendants had a duty to maintain a payroll record, whether they failed to do so under the law, and whether Plaintiffs are owed the alleged minimum wage damages. (*Id.* at 11–12.) The fact that there may be individual damages calculations is not dispositive for the predominance factor. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 452 (2016); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513–14 (9th Cir. 2010). Nothing presented by Defendants changes this fact—or this class certification. The Defendants' arguments appear to artificially expand the scope of this certification in hopes of finding fault with the predominance element, and ultimately the certification itself. But a dispute over whether which specific Drivers were "engaged to wait" does not materially change the circumstances of this case, or this certification. Moreover, whether these Drivers were "engaged to wait" is a proper question for the jury. *See Tyson Foods, Inc.*, 577 U.S. at 459.

Additionally, Defendants' arguments about Mr. Breshears are unavailing. As instructed, Mr. Breshears calculated minimum wage damages using the continuous workday. This analysis, given the expert's assumptions regarding the compensability of the work, was entirely plausible. Further, Mr. Breshears' report, standing alone, does not defeat predominance. Contrary to Defendants' argument, there is nothing novel in his report or testimony that shows any materially changed circumstances which would warrant decertification. Rather, his report and testimony show that he calculated damages in a manner consistent with Plaintiffs' theory of the case.

Defendants' focus on the factors laid out in *Owens* also does not provide them any relief. These factors can be analyzed on a class-wide basis based on Driver Provider's policies to determine if the employees, in general, were "waiting to be engaged" or "engaged to wait." Plaintiffs allege that the policies restricted the employees' movements such that they could not actually use the time between trips for their own purposes. (Doc. 512 at 11.) Defendants argue otherwise—and that will be a question for the jury. The fact that there may be exceptions does not defeat predominance. *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 399 (C.D. Cal. 2008), *aff'd sub nom. Kamar v. RadioShack Corp.*, 375 F. App'x 734 (9th Cir. 2010) ("[T]he existence of certain individualized or deviating facts will not preclude certification if most class members were subjected to a company policy in a way that gives rise to consistent liability or lack thereof."). The exceptions can be dealt with in the damage calculations. The dueling expert opinions already offer these estimates. (*See* Doc. 495 at 7.) And again, individual damages calculations do not alone defeat predominance. *See Tyson Foods, Inc.*, 577 U.S. at 452–53 ("When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.") (internal citation omitted). Similarly, the potential applicability of the 2021 Time Keeping Procedure—which is still in dispute between the parties—goes to damages and does not defeat predominance.

      Defendants are correct in asserting that factual developments can lead to sufficiently changed circumstances to warrant decertification. (Doc. 523 at 6.) Here, however, they have not met that standard. The class members remain similarly situated and predominance remains satisfied.

**IV.   CONCLUSION**

      For the reasons discussed above,

      **IT IS HEREBY ORDERED** that Defendants' Motion to Decertify the Rule 23 Class (Doc. 495) is denied.

      Dated this 26th day of October, 2023.

Honorable Susan M. Brnovich
United States District Judge