**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Renewed Motion for Rule 23 Certification of Claims Under the Arizona Wage Act. (Doc. 456.) Defendants filed a Response (Doc. 464), and Plaintiffs filed a Reply (Doc. 476). Oral argument was held on November 13, 2023. After reviewing the parties' arguments and the relevant law, the Court will deny Plaintiffs' Motion for the reasons set forth below.

**I.   BACKGROUND**

Plaintiffs' Motion seeks class certification on Count II of the Fifth Amended Complaint—violation of the Arizona Wage Act ("AWA"), A.R.S. § 23-350, *et seq*. Previously the Court certified claims for violations of the Arizona Minimum Wage Act as follows:

> All current and former employees of The Driver Provider who performed chauffeur services in Arizona at any time from December 6, 2016 to the present. Excluded from the class are all owners, managers, supervisors, dispatchers, or other employees whose primary job responsibilities were not the provision of chauffeur services.

(Doc. 427 at 14.)   Plaintiffs' now seek to add the AWA straight time claims to the

previously certified class.

## II. LEGAL STANDARD

"Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011) (citing *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001)). Rule 23(a)–(b) read as follows:

> **(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>> (1) the class is so numerous that joinder of all members is impracticable;
>> (2) there are questions of law or fact common to the class;
>> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>> (4) the representative parties will fairly and adequately protect the interests of the class.
>
> **(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
>> (1) prosecuting separate actions by or against individual class members would create a risk of:
>>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>>
>> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>>
>> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

>(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>(D) the likely difficulties in managing a class action.

A plaintiff seeking class certification must "affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Likewise, when considering class certification courts must engage in "a rigorous analysis." *Id.* at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). The Rule 23 analysis may "entail some overlap with the merits of the plaintiff's underlying claim," *id.* at 351, but it "grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*; *see also United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) ("Although certification inquiries such as commonality, typicality, and predominance might properly call for some substantive inquiry, the court may not go so far . . . as to judge the validity of these claims." (cleaned up)). In fact, "[n]either the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies [Rule 23]." *United Steel*, 593 F.3d at 809 (quoting *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)).

Nevertheless, "plaintiffs must prove the facts necessary to carry the burden of establishing that the prerequisites of Rule 23 are satisfied by a preponderance of the evidence." *Olean Wholesale Grocery Coop., Inc., v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022). "Failure to meet any one of the requirements set forth in Rule 23

precludes class certification." *Miller v. Am. Standard Ins. Co. of Wis.*, 759 F. Supp. 2d 1144, 1146 (D. Ariz. 2010).

### III. DISCUSSION

#### A. Rule 23(a)

##### 1. Numerosity

Plaintiffs argue numerosity is met, and Defendants do not object. Under the numerosity requirement, a proposed class of at least 40 members is typically satisfactory. *See Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 365 (D. Ariz. 2009). Here, there are 475 Drivers included in the class and 399 of them worked for Defendants within the one-year statute of limitations. (Doc. 457 at 2.) The Court finds the numerosity requirement satisfied. *See Vega v. All My Sons Bus. Dev. LLC*, 583 F. Supp. 3d 1244, 1264 (D. Ariz. 2022) (finding the numerosity requirement satisfied for an Arizona unpaid wages class of potentially 200 members); *see also Juvera v. Salcido*, 294 F.R.D. 516, 521 (D. Ariz. 2013) (finding numerosity satisfied with AMWA class of "approximately 200" members).

##### 2. Commonality

Plaintiffs next argue commonality is met, and Defendants do object. To prove commonality, there must be a "common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. A plaintiff need only present "a single common question of law or fact that resolves a central issue." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 728 (9th Cir. 2020). To satisfy the requirement, not every issue of law and fact need to be common. *Juvera*, 294 F.R.D. at 521. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class. *Id.* (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012)). "However, [i]f there is no evidence that the entire class was subject to the same allegedly [illegal] practice, there is no question common to the class." *Vega*, 583 F. Supp. 3d at 1261 (quoting *Ellis*, 657 F.3d at 983) (internal quotation marks

omitted). Yet, "[a] common contention need not be one that 'will be answered, on the merits, in favor of the class.'" *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1053 (9th Cir. 2015) (quoting *Amgen*, 568 U.S. at 459).

Here, Plaintiffs are seeking damages related to pre- and post-trip work which they claim was not paid. Plaintiffs note that all full-time Drivers are required to arrive at least one hour ahead of their first scheduled pickup and must perform pre- and post-trip work each time they operate a Driver Provider vehicle. These duties are more specifically detailed in Plaintiffs' Motion for Partial Summary Judgment (Doc. 497) and their Statement of Facts (Doc. 498). It is undisputed that this time was not tracked. Defendants estimate work time using SantaCruz trip records. This tracks time for individual trips but is not a typical time keeping system that records the start and end of each shift. It is Defendants position that the pre- and post-trip work is compensated by the commissions paid to Drivers.

A.R.S. § 23-355(A) states: "[E]xcept as provided in subsection B of this section, if an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." "Wages" are defined as "nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a *reasonable expectation* to be paid whether determined by a time, task, piece, commission or other method of calculation." A.R.S. § 23-350(7) (emphasis added).

A "reasonable expectation" may be defined contractually either (1) expressly, (2) by an "implied contract between the parties based upon their past dealings," *Zavaleta v. OTB Acquisition LLC*, No. CV-19-04729-PHX-JAT, 2021 WL 824419, at *5 (D. Ariz. Mar. 4, 2021) or (3) by an employer's "policy or practice [to pay] such compensation." *Morgan v. Freightliner of Ariz., LLC*, No. CIV 16-498-TUC-CKJ, 2017 WL 2423491, at *7 (D. Ariz. June 2, 2017). Additionally, the Ninth Circuit permits courts to look to the understanding of the parties to determine the scope of pay policies—such as pre- and post-

trip work. *See Ayala v. U.S. Xpress Enters., Inc.*, 851 F. App'x 53 (9th Cir. 2021) (mem.).

The plaintiff in *Ayala* alleged that a motor carrier's mileage-based compensation system paid for driving time only, and that "non-driving tasks" like fueling, pre-trip and post-trip inspections, and waiting at customer sites and terminals were unpaid. *Ayala v. U.S. Xpress Enters., Inc.*, No. EDCV 16-137-GW-KKx, 2020 WL 3071707, at *1 (C.D. Cal. June 9, 2020). The district court granted summary judgment to the employer, finding that "the driver's pay does not depend on the actual number of miles driven" and the employer's "compensation in effect pays a fixed-fee per trip." *Id.* at *8. Therefore, the court held that the plaintiff overlooked "the fact that [the defendant] pays a fixed sum to its drivers for each trip—an amount the drivers are informed of in advance. The mileage, X, associated with a trip, is merely used as an intermediate step in arriving at the final fixed-fee amount." *Id.* at *11. The district court also rejected the plaintiff's position that "any system denominated in miles requires supplemental pay for non-driving tasks" and found that the argument "attach[es] too much importance to form over substance." *Id.* at *10–*11. The Ninth Circuit affirmed, holding that wage laws exist "to ensure that workers receive adequate and fair pay, not to dictate employers and employees what pay formulas they may, or may not, agree to adopt as a means to that end" and approved of the district court looking to the understanding of the parties to determine the pay policy. 851 F. App'x at 54 (quoting *Oman v. Delta Air Lines*, 466 P.3d 325, 341 (Cal. Ct. App. 2020)).

In this case, there is a dispute as to whether there was a contract that applied to all Drivers. Defendants have consistently maintained that all Drivers are paid pursuant to the commission plan. (*See, e.g.*, Doc. 506 at 27.) Plaintiffs, on the other hand, have said in this litigation that the Drivers did not know how they were paid and most did not sign or receive the "commission plan." (Doc. 533 at 6–8.) It appears that Plaintiffs are arguing the failure to pay wages based on an implied contract, but the current motion is not clear on this point. Plaintiffs have also argued that some Drivers relied on job ads that offered specific hourly rates or hourly rate equivalents and expected to be paid that hourly rate. (Doc. 476 at 12; Doc. 533 at 3–4.) As such, Plaintiffs' proposed class includes some

Drivers covered by the commission plan with no expectation of additional pay, some Drivers covered by the commission plan with an expectation of additional pay, and some Drivers that allege they are paid hourly based on the advertisement. Each of these constitute a different "reasonable expectation" between each Driver and Driver Provider based on the understanding of the parties. However, when asked about this issue at oral argument, Plaintiffs attempted to cast pay as a common question, stating "[W]hether the drivers reasonably expected to be compensated for the pre- and post-trip work that defendants directed them to perform, and agree, the defendants agree here that the drivers should be paid for that work, that's going to be answered the same way across the class for everybody." This statement is overbroad and overlooks the controlling law.

Here, the Drivers did in fact have differing expectations of how they would be paid. Therefore, there is no common question as to whether Drivers should be compensated for the pre- and post-shift work. Instead, the question requires individual analysis of each Driver's reasonable expectation and individual analysis of what implied contract existed between each Driver and Driver Provider. Accordingly, Plaintiffs have not met their burden to show commonality.

Because the Court finds that commonality is not met, the Court will not address typicality or adequacy. In conclusion, Plaintiffs have failed to satisfy Rule 23(a).

## V.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Renewed Motion for Rule 23 Certification of Claims Under the Arizona Wage Act is **denied**. (Doc. 456.)

**IT IS FURTHER OBERED** affirming the collective action for minimum wage violations (which require no analysis of various methods of payment but just hours worked) and overtime violations based on minimum wage.

Dated this 18th day of December, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge

- 7 -