**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al.,<br><br>             Plaintiffs,<br><br>v.<br><br>Driver Provider Phoenix LLC, et al.,<br><br>             Defendants. | No. CV-19-05760-PHX-SMB<br><br>**ORDER** |

    Pending before the Court is Defendants' Motion to Strike the Expert Testimony and Report of Plaintiffs' Expert Randall O'Neal (Doc. 493). Plaintiffs filed a response (Doc. 511), to which Defendants replied (Doc. 520). After reviewing the parties' arguments and relevant case law, the Court will grant the Motion.

**I.    BACKGROUND**

    On November 13, 2023, the Court heard oral argument on other motions in this case. At that hearing, the Court asked the parties whether Defendants' current Motion (Doc. 493) was rendered moot by the Court's summary judgment Order (Doc. 593). Plaintiffs' counsel stated that the parties may be able to reach agreement on whether this Motion was still at issue. The Court allowed the parties four days to confer. However, on November 17, 2023, the parties informed the Court that they were unable to reach an agreement.

    Plaintiffs provided a copy of Mr. O'Neal's report and highlighted the opinions and statements that Plaintiffs do not intend to present. Defendants responded that O'Neal's testimony remains inadmissible for the reasons presented in their Motion to Strike (Doc.

493). Defendants also objected to Plaintiffs providing a highlighted copy of O'Neal's report rather than obtaining a supplemental report. At this juncture, the Court will consider the Motion.

## II. LEGAL STANDARD

A party seeking to present an expert's testimony carries the burden establishing that testimony's admissibility. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) govern the admissibility of such testimony. Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. *Daubert* entrusts courts to act as gatekeepers tasked with excluding unreliable expert testimony. 509 U.S. at 597; *see also Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) ("Rule 702 tasks a district court judge with ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.") (cleaned up). Expert testimony is admissible only if it is relevant and reliable. *Daubert*, 509 U.S. at 589. Expert testimony is "relevant" if it fits the facts of the case and logically advances "a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharms., Inc.* (*Daubert II*), 43 F.3d 1311, 1315 (9th Cir. 1995). Expert testimony is "reliable" if the expert's opinion is reliably based in the "knowledge and experience of the relevant discipline." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010)).

Regardless of their qualifications, an expert cannot give an opinion that amounts to a legal conclusion, which is an opinion on an ultimate issue of law. *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002). Such opinions merely attempt to substitute an expert's judgment for that of the jury's. *Id.*; *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). "The bottom line is

that the trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted." *SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 326 (D. Ariz. 2022) (cleaned up).

## III. DISCUSSION

Plaintiffs designated O'Neal as an expert in federal wage-and-hour matters and Department of Labor ("DOL") enforcement actions. O'Neal is a retired DOL employee. (Doc. 493-1 at 4.) During his career, he worked for the Wage and Hour Division ("WHD") for approximately forty years and held various positions including director of regional operations and regional director of enforcement. (*Id.*) O'Neal's opinion primarily pertains to the applicability of the 7(i) exemption to Driver Provider ("DP"). (*See id.*) However, in its summary judgment Order, this Court held that Defendants do not qualify for the 7(i) exemption. (*See* Doc. 593.) Therefore, only a small portion of O'Neal's report remains at issue.

Plaintiffs state that they are prepared to limit O'Neal's testimony to issues regarding willfulness as they relate to Defendants' claims of good faith reliance on the 2012 DOL investigation, advice of counsel, and that Drivers were exempt employees. Defendants object and request O'Neal's opinion and testimony be completely excluded. The Court has reviewed Plaintiffs' highlighted copy of O'Neal's report and will address the remaining issues in turn.

### A. Good Faith Reliance

In his report, O'Neal stated that it was his "opinion that WHD would reject any claim of reliance upon the 2012 investigation for the existence of a 7(i) exemption from the payment of overtime at issue here." (Doc. 493-1 at 13.) Plaintiffs argue that O'Neal's opinions regarding Defendants' claim of good faith reliance on the 2012 DOL investigation should be heard at trial. Plaintiffs argue that O'Neal's report shows the flaws of the 2012 investigation, and therefore show why Defendants should not have relied upon it. (*See* Doc. 511 at 18–19.) Defendants argue that this is merely an impermissible legal conclusion. (Doc. 493 at 7–8.)

The Court agrees that permitting O'Neal's testimony regarding good faith reliance would be improper. Whether Defendants relied in good faith on the 2012 investigation is a question for the jury and does not require expert testimony. *See Torres v. Johnson Lines*, 932 F.2d 748, 751 (9th Cir. 1991) (expert testimony properly excluded where record did not reveal "any specific evidence that was so technical or complex that a jury could not have grasped it without the aid of experts"); *Quinn v. Fresno Cnty. Sheriff*, No. 1:10-cv-01617 LJO BAM, 2012 WL 2995477, at *3 (E.D. Cal. July 23, 2012) ("Weighing the credibility of witnesses and resolving factual matters is not outside the common ability and knowledge of a layperson; it is the precise role that the law assigns solely to a layperson as juror.") (citing *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005)). This principle is particularly applicable here. O'Neal's report is overwhelmingly concerned with the potential application of the 7(i) exemption. But at this stage, his opinion on good faith reliance is divorced from the 7(i) exemption. In turn, all he is offering is a conclusion that Defendants could not have relied in good faith on the 2012 investigation. This is improper for two reasons.

First, experts may opine on an issue of fact within the jury's province. However, they may not give testimony stating legal conclusions based upon those facts. That is precisely what Plaintiffs seek from O'Neal's testimony here. This testimony invades on the province of the jury and in fact hinders rather than assists the jury. *See United States v. Hill*, 749 F.3d 1250, 1258 (10th Cir. 2014) ("The touchstone of admissibility under Rule 702 is the helpfulness of the evidence to the trier of fact."). Second, this conclusion draws inferences about Defendants' intent or state of mind. However, "[c]ourts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind." *Hunton v. Am. Zurich Ins. Co.*, No. CV-16-00539-PHX-DLR, 2018 WL 1182550, at *2 (D. Ariz. Mar. 7, 2018) (quoting *Siring v. Oregon State Bd. of Higher Educ. ex rel. E. Oregon Univ.*, 927 F. Supp. 2d 1069, 1077 (D. Or. 2013)). In sum, this opinion testimony attempts to substitute O'Neal's own judgment for that of the jury's. *Krause v. Cnty. of Mohave*, 459 F. Supp. 3d 1258, 1264 (D. Ariz. 2020). The jury is fit to examine the witnesses and evidence to decide

whether Defendants' conduct constituted a willful violation or good faith reliance.

### B. Advice of Counsel

O'Neal's report also provided a short opinion regarding DP's counsel's statements and appeared to conclude that she improperly relied on the 2012 investigation. (Doc. 493-1 at 45–46.) Plaintiff contends that his testimony will help the jurors understand the issues and that the report "sheds light on DP's efforts to evade liability based on the prior investigation and their counsel's alleged advice." (Doc. 511 at 8.) Defendants again argue that O'Neal's testimony would be an improper legal conclusion. (Doc. 493 at 7–8.)

For similar reasons as those above, Defendants are correct. Whether Defendants relied in good faith on their advice of their counsel is squarely within the province of the jury. *See Quinn*, 2012 WL 2995477, at *3. Moreover, O'Neal's opinion on this issue presupposes that the 2012 investigation was faulty, and therefore counsel—and in turn DP—could not have relied on it in good faith. This conclusion puts the cart before the horse. Moreover, the Court has ruled that there remain genuine questions of material fact on this issue. (*See* Doc. 593 at 20.) O'Neal's testimony on this topic would amount to a legal conclusion. The jury can ascertain this issue for themselves and ultimately determine whether DP relied in good faith on the advice of their counsel. *See Siring*, 927 F. Supp. 2d at 1077.

### C. Exempt Employees

Lastly, Plaintiffs appear to argue that O'Neal's opinions regarding DP's reliance that Drivers were exempt employees should be heard at trial. Defendants again argue that this is an impermissible legal conclusion. (Doc. 493 at 7–8.) This opinion is strikingly similar to the opinion that Defendants could not have relied on the 2012 investigation. As referenced above, O'Neal states that it is his opinion "that WHD would reject any claim of reliance upon the 2012 investigation for the existence of a 7(i) exemption." (Doc. 493-1 at 13.) O'Neal also states that the reliance on this investigation was claimed "as support for the claimed applicability of the 7(i) exemption." (*Id.* at 6.)

First, the 7(i) exemption is no longer at issue. (*See* Doc. 593.) Separating the lack

of application of the exemption from the alleged lack of good faith reliance upon it only leaves only a legal conclusion. O'Neal would simply testify that in his opinion, DP could not have in good faith thought the exemption applied. This opinion is merely a conclusion regarding willfulness and would only serve to confuse the issues. *See* Fed. R. Evid. 403. Moreover, whether there was good faith reliance regarding employee classifications is well-within the jury's ability to determine. This topic does not reach the level of technical application or complexity requiring expert testimony. *See Torres*, 932 F.2d at 751. The jury will be presented with sufficient evidence through documents and witness testimony to decide this issue.

In short, the Court acknowledges that O'Neal is knowledgeable about DOL operations and investigations. However, opinions that merely tell the jury what result to reach are inadmissible. The Court will not allow O'Neal to testify to his general legal conclusions. Given the inapplicability of the 7(i) exemptions and the Court's findings on the remaining issues with O'Neal's opinion, the Court will strike the testimony and report in its entirety.

## IV.     CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED granting** Defendants' Motion to Strike the Expert Testimony and Report of Plaintiffs' Expert Randall O'Neal (Doc. 493).

Dated this 16th day of February, 2024.

Honorable Susan M. Brnovich
United States District Judge