WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Renewed Motion for Equitable Tolling (Doc. 681). Defendants filed a response (Doc. 688) and Plaintiffs replied (Doc. 692). After considering the parties' arguments and relevant case law, the Court will deny the Motion.

**I.   BACKGROUND**

The factual background of this case has been covered extensively in prior Orders. For the sake of brevity, the Court will not repeat it here. Procedurally, the Court previously denied Plaintiffs' first Motion for Equitable Tolling (Doc. 571) as moot after the Court granted Plaintiffs' Motion for Reconsideration (Doc. 568) on the Court's prior Order regarding decertification of the collective action. (Doc. 607.) Plaintiffs now renew their request for retroactive equitable tolling and request the Court allow some employees who filed consent forms outside the deadlines to join the FLSA collective. (Doc. 681 at 5.)

**II.   LEGAL STANDARD**

In FLSA collective actions, plaintiffs must affirmatively opt-in to participate in the litigation. 29 U.S.C. § 216(b). A two-year statute of limitations generally applies to FLSA

claims, but the period is extended to three years if the cause of action is based on a "willful violation" of the statute. 29 U.S.C. § 255(b). The statute of limitations runs for each plaintiff individually until he files his written consent to opt into an action. 29 U.S.C. § 256(b).

The Court may equitably toll the statute of limitations when "(1) the plaintiff is prevented from asserting a claim by the defendant's wrongful conduct or (2) extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Rose v. Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2011 WL 208044, at *2 (D. Ariz. Jan. 20, 2011) (citing *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). A party seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013). Overall, the equitable tolling doctrine is read into every federal statute of limitation, *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946), but is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007).

### III.     DISCUSSION

#### A.  Equitable Tolling

Plaintiffs seek to retroactively toll the statute of limitations to account for delays they argue were "extraordinary circumstances beyond the employees' control" that "prevented them from receiving notice of this case and the ability to file consent to sue forms at an earlier date." (Doc. 692 at 2.) Plaintiffs contend that the lengthy delays were "the result of Defendants' request to delay briefing and resolution of Plaintiffs' Motion for Conditional Certification until after the Court resolved their Motion to Dismiss, Defendants' failure to meet the Court-ordered deadline to file their response, and the significant time required for resolution of Defendants' Motion to Dismiss." (Doc. 692 at 4.)

Plaintiffs further argue that "the significant delay in resolution of Plaintiffs' Motion

for Supplemental FLSA Notice was the result of the Court awaiting determination of the Defendants' Motion for Decertification of the FLSA Collective." (*Id.*)  Plaintiffs assert that these delays are "precisely the type of extraordinary circumstances resulting from unique circumstances warranting equitable tolling." (*Id.* at 5.)  Therefore, Plaintiffs seek to toll the statute of limitations retroactively to January 29, 2020. (*Id.*)  For the additional Opt-in Plaintiffs, Plaintiffs seek to toll the statute of limitations retroactively to December 6, 2022. (*Id.*)  Defendants counter that these delays do not constitute extraordinary circumstances and therefore do not justify equitable tolling. (Doc. 688 at 6–7).

To begin, Plaintiffs do not assert that Defendants engaged in wrongful conduct that would require equitable tolling. (*See* Doc. 681; Doc. 692 at 2.)  Likewise, Defendants deny that they engaged in any wrongful conduct. (Doc. 688 at 4.)  The Court agrees that wrongful conduct has not been asserted.  Therefore, the Court will analyze these arguments under the second ground for equitable tolling—extraordinary circumstances.  *See Kwai Fun Wong*, 732 F.3d at 1052.

Here, the Court took nine months to decide Defendants' Motion to Dismiss, and eight months to decide Plaintiffs' motion for conditional certification. (*See* Docs. 26; 38; 44; 91.)  Much of this delay occurred from the Court granting Defendants' request to delay resolution of the Motion for Conditional Certification until the Court resolved the Motion to Dismiss. (Doc. 42.)  Plaintiffs argue that this delay effectively amounted to a stay in the case that requires equitable tolling. (Doc. 681 at 7.)  But as Plaintiffs note, awaiting resolution of the Motion to Dismiss prior to conditional certification is the usual course of action in FLSA cases. (*Id.* at 6.)  Moreover, there is no evidence that Defendants purposefully requested this delay to prejudice Plaintiffs.  Instead, Defendants engaged in standard good-faith motion practice, and any resulting delay was the result of standard judicial decision-making.  *See Adedapoidle-Tyehimba v. Crunch LLC*, No. 13-CV-00225-WHO, 2013 WL 4082137, at *7 (N.D. Cal. Aug. 9, 2013) (holding that "good faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claims").  Additionally, the Court notes that these timelines were partially the

result of a flurry of motions that have characterized this case from the start. This, of course, does not lend itself to an "extraordinary circumstance" for purposes of equitable tolling.

Both parties cite to cases in which courts examined their own delays at the conditional certification stage. (Doc. 681 at 8–9.) A review of these cases shows a wide range of time frames and unique circumstances for delays and their impact on tolling. *See, e.g.*, *Scales v. Info. Strategy Design Inc.*, No. CV-18-00087-PHX-DLR, 2019 WL 12288348, at *2 (rejecting tolling for a delay of six months); *Dualan v. Jacob Transp. Servs. LLC*, 172 F. Supp. 3d. 1138, 1153–55 (D. Nev. 2016) (tolling for thirty days due to a six-month delay); *Thompson v. Direct General Consumer Prods., Inc.*, No. 3:12-cv-1093, 2014 WL 884494, at *8 (M.D. Tenn. Mar. 5, 2014) (tolling due a fifteen month delay); *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2014 WL 5557489, at *2–3 (S.D.N.Y. Nov. 3, 2014) (rejecting tolling for a nine month delay). The delay here falls within the range of these cases. Put simply, the Court is well within its right to reject tolling for the delay. The delay is also reasonable given the procedural issues discussed above.

Plaintiffs' other cases are distinguishable. For instance, Plaintiffs cite both *Ray v. California Dep't of Soc. Servs.*, No. 17-4239, 2019 WL 6888050 (C.D. Cal. Dec. 11, 2019) and *Castle v. Wells Fargo Financial, Inc.*, No. 06-4347, 2007 WL 1105118 (N.D. Cal. Apr. 10, 2007). In both cases, there was an excessive litigation delay caused by appeals to the California Supreme Court and the Ninth Circuit. *Ray*, 2019 WL 6888050, at *2, *7–9; *Castle*, 2007 WL 1105118, at *1–2. These delays were caused by appellate court intervention, which caused the trial courts to stay the actions and toll the statute of limitations. That did not occur here.

In sum, the Court finds that the delay does not constitute an extraordinary circumstance requiring equitable tolling. The ordinary rhythms and delays of litigation do not constitute the requisite "extraordinary circumstances." *See Kwai Fun Wong*, 732 F.3d at 1052. These types of delays are normal—not extraordinary. *See Sylvester v. Wintrust Fin. Corp.*, No. 12-C-1899, 2014 WL 10416989, at *2 (N.D. Ill. Sept. 26, 2014). Accordingly, the Court will deny Plaintiffs' Motion.

### B. Late Consent Forms

The FLSA does not outline a standard regarding whether to include opt-in plaintiffs whose consent forms are filed after a court-imposed deadline. Instead, courts apply the five-factor test set forth in *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30 (N.D.N.Y. 2009). These factors are: (1) whether "good cause" exists for the untimeliness; (2) prejudice to the defendant; (3) how late the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA. *Id.* at 37.

Here, Plaintiffs ask the Court to allow twelve Drivers that filed their consent forms after the court-imposed deadline to join the FLSA collective. (Doc. 692 at 8.) Plaintiffs also request that upon allowing these Drivers to join the collective, the Court toll the statute of limitations for their claims. (Doc. 681 at 10–17.) Defendants argue that Plaintiffs have not shown good cause for the untimeliness of these notices and that tolling is inappropriate. (Doc. 688 at 8–14.) The Court will analyze these individuals as grouped by Plaintiffs. (*See* Doc. 681 at 10–17.)

1. Michael Gottlieb

Plaintiffs request that the Court "confirm that Mr. Gottlieb's consent to sue form was timely." (Doc. 681 at 11.) Plaintiffs assert that Mr. Gottlieb postmarked his consent to sue form by the deadline and therefore should be considered a member of the FLSA collective. (*Id.* at 12.) Plaintiffs also request the Court confirm that Mr. Gottlieb "is subject to the same tolling as the other Opt-in Collective members." (*Id.*) Defendants appear to concede that Mr. Gottlieb's consent to sue form was timely but argue that the statute of limitations should not be tolled for his claims. (Doc. 688 at 9.) The Court confirms that Mr. Gottlieb is a member of the FLSA collective. However, without tolling, the statute of limitations ends when the consent form is filed. *See* 29 U.S.C. § 256(b). Given the Court's analysis regarding equitable tolling in the prior section, the Court will not toll the statute of limitations for Mr. Gottlieb's claims.

2. Stephen Simmons

Plaintiffs contend that Mr. Simmons did not initially receive notice of his right to

join the lawsuit because he was living out of state and not receiving mail at his Arizona address. (Doc. 681 at 12.) Defendants counter that this is an insufficient for a good cause finding. (Doc. 688 at 9–10.) The Court agrees with Defendants. First, equitable tolling does not apply merely due to failure to actually or timely receive mail. *See Peete-Jeffries v. Shelby Cnty. Bd. of Educ.*, No. 2:22-cv-02003-TLP-tmp, 2022 WL 17620287, at *5 (W.D. Tenn. Dec. 13, 2022). Moreover, the Court authorized notice via email. (Doc. 96.) Failing to check email also does not provide a basis for overlooking the deadline or tolling the statute of limitations. *See Redline v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) (equitable tolling not available to avoid consequences of one's own negligence or failure to exercise due diligence). The Court will not permit Mr. Simmons to join the FLSA collective, and it will not toll the statute of limitations for his claims.

### 3. Clayton Bell

Plaintiffs argue that Mr. Bell received the FLSA notice but did not timely submit a consent form because he did not understand that it applied to him. (Doc. 681 at 13.) Defendants counter that ignorance of the law is not a basis for equitable tolling. (Doc. 688 at 10.) The Court agrees. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009). Additionally, Plaintiffs do not explain why Mr. Bell never contacted Plaintiffs' counsel, despite the notice giving him the opportunity to do so. In the absence of any explanation, the Court cannot find good cause for his failure to meet the deadline. Therefore, the Court will not permit Mr. Bell to join the FLSA collective, and it will not toll the statute of limitations for his claims.

### 4. Randall Davis & Charles Muhammad

Plaintiffs assert that Mr. Davis and Mr. Muhammad did not timely file their consent to sue forms because they feared retaliation by Defendants. (Doc. 681 at 13.) Plaintiffs contend that this fear was reasonable because another driver was suspended shortly after the lawsuit was filed. (*Id.*) Defendants counter that Plaintiffs have not provided any evidence to support this purported concern and note that the notice language stated that retaliation was prohibited. (Doc. 688 at 10.) Defendants also argue that Mr. Davis and

Mr. Muhammad do not claim they knew of the other driver's suspension and that the suspension was not related to the lawsuit. (*Id.* at 11.)

The Court again agrees with Defendants. Plaintiffs have not put forward any evidence to suggest that Defendants would retaliate against Mr. Davis or Mr. Muhammad for joining this lawsuit. Therefore, this request falls short of the good cause standard for extending the deadline. Accordingly, the Court will not permit Mr. Davis or Mr. Muhammad to join the FLSA collective and will not toll the statute of limitations for their claims.

5. Patrick Kirkland, Daniel Vance & Billy Zinnerman

Plaintiffs assert that Mr. Kirkland, Mr. Vance, and Mr. Zinnerman were included in the April 2021 list of potential Opt-in Plaintiffs. (Doc. 681 at 14.) However, their employment ended, and they were each re-hired within the supplemental notice period. (*Id.*) These individuals were included on the original list of potential Opt-in Plaintiffs but elected not to opt-in during the initial period. (Doc. 688 at 12.) Despite this, they were each included on the most recent list of potential Opt-in Plaintiffs and sent the supplemental notice. (Doc. 681 at 14.) This appears to be an error.

The Court's order authorizing supplemental notice only allows the supplemental notice to potential collective action members who were *not* identified in the April 2021 list of potential Opt-in Plaintiffs. (Doc. 605 at 2.) The Court will not deviate from its initial restriction to give these individuals a second chance to join the FLSA collective. Moreover, Plaintiffs have not shown good cause as to why these individuals did not opt-in through the first notice. Therefore, the Court will not allow these individuals to join the FLSA collective through the supplemental notice and will not toll the statute of limitations for their claims.

6. Michael Anderson

Plaintiffs assert that Mr. Anderson is a current employee of Driver Provider who received the original FLSA notice but did not join the case. (Doc. 681 at 15.) Plaintiffs argue that because he is a current employee, he did not waive his FLSA claims, and

therefore the interests of judicial economy and the remedial goals of the FLSA support allowing him to join the FLSA collective. (*Id.*) Defendants counter that Plaintiffs have failed to show any evidence providing good cause as to why Mr. Anderson did not join the lawsuit at the outset. (Doc. 688 at 12–13.) Defendants are correct. The distinct absence of any good cause for the untimeliness does not permit the Court to extend the deadline. Therefore, the Court will not permit Mr. Anderson to join the FLSA collective and will not toll the statute of limitations for his claims.

    7. Kevin Williams

Plaintiffs assert that Mr. Williams experienced a similar issue to Mr. Simmons and did not receive the mailed 2021 notice. (Doc. 681 at 15.) Plaintiffs admit that Mr. Williams received the notice via email, but it went to his "spam" folder which he did not check. (*Id.*) Defendants argue that Mr. William's failure to thoroughly check his email and his "spam" folder does not establish good cause or a basis for equitable tolling. (Doc. 688 at 13.) The Court agrees. The analysis here parallels the Court's analysis of Mr. Simmons' request. Failing to check email, or a "spam" folder, does not provide a good cause basis for overlooking the deadline. *See Redline*, 921 at 1140. Accordingly, the Court will not allow Mr. Williams to join the FLSA collective, and it will not toll the statute of limitations for his claims.

    8. Ricky Smith & Octavia Yvette Davis-Brady

Plaintiffs assert that Mr. Smith filed his consent to sue form two days after the deadline, and that Ms. Davis-Brady filed hers ten days after the deadline. (Doc. 681 at 16.) Plaintiffs argue that this delay was short and that allowing these individuals to be included in the FLSA collective is in the interest of judicial economy and furthers the remedial goals of the FLSA. (*Id.* at 16–17.) Defendants counter that no good cause exists for this delay. (Doc. 688 at 13–14.) The Court agrees. Plaintiffs have not provided any explanation or justification for these delays. Instead, they primarily rest on the fact that the delays were not substantial. The Court finds that Plaintiffs have not established good cause for the untimeliness. There are deadlines for a reason. Therefore, the Court will not permit Mr.

Smith or Ms. Davis-Brady to join the FLSA collective, and it will not toll the statute of limitations for their claims.

## IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED denying** Plaintiffs' Renewed Motion for Equitable Tolling (Doc. 681).

Dated this 18th day of March, 2024.

Honorable Susan M. Brnovich
United States District Judge