**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Salazar, et al., | No. CV-19-05760-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Driver Provider Phoenix LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Strike Claims of Opt-In Plaintiffs and Rule 23 Class Members and Compel Arbitration and to Continue the Trial Date (Doc. 740). Plaintiffs filed a response (Doc. 742), to which Defendants replied (Doc. 743). Defendants then filed a notice of errata to make minor revisions to the Motion that did not impact its substance (Doc. 747-1). However, for the reasons discussed below, the Court will strike Defendants' Motion as untimely.

The Court considers a motion to compel arbitration to be a dispositive motion. Other courts in this district have come to the same conclusion. *See Holder v. Bacus Foods Corp.*, No. CV-23-00763-PHX-JAT, 2023 WL 5671406, at *3–4 (D. Ariz. Sept. 1, 2023) (discussing dispositive motions in this district, which include motions to compel arbitration); *Williams v. Experian Info. Sols. Inc.*, No. CV-23-01076-PHX-DWL, 2024 WL 739676, at *3 (D. Ariz. Feb. 23, 2024) (discussing motions to compel arbitration as dispositive in effect); *Schaeffler Business Info. LLC v. Live Oak Banking Co.*, No. CV-21-00740-PHX-JJT, 2022 WL 604890, at *1 (D. Ariz. Mar. 1, 2022) (discussing a motion to

compel as dispositive); *Taleb v. AutoNation USA Corp.*, No. CV06-02013-PHX-NVW, 2006 WL 3716922, at *2 (D. Ariz. Nov. 13, 2006) (equating an order compelling arbitration to summary disposition); *see also Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (same). A close look at the effect of compelling arbitration illuminates the reasoning of these cases.

Here, granting this Motion would immediately split the case and send approximately 267 opt-in plaintiffs and Rule 23 class members to arbitration. (*See* Doc. 743 at 2.) For these individuals, this would not solely change the forum for their claims—it also would deprive them of their ability to litigate their claims in this Court. *See Arik v. Meyers*, No. 2-19-cv-01908-JAD-NJK, 2020 WL 515843, at *2 (D. Nev. Jan. 31, 2020). This would result in immediate and permanent termination of these individuals' litigation. *See Flannery v. Tri-State Div.*, 402 F. Supp. 2d 819, 821 (E.D. Mich. 2005). This significantly impacts these individuals' rights and their available remedies. *See Arik*, 2020 WL 515843, at *2. These effects render this Motion dispositive. The Court notes that granting this Motion would not dispose of the *entire* case, but rather the claims of the individuals that signed the Employment Dispute Resolution Agreement (the "Agreement"). However, as Defendants readily admit, disposing of these individuals will "significantly alter damage calculations, trial witnesses, and evidence to be presented at trial." (Doc. 743 at 2.) Not only does this support this Motion's heavily dispositive nature—it also serves as a reminder of the deadline for dispositive motions.

By the parties' stipulation, dispositive motions were required to be filed no later than May 31, 2023. (Doc. 428.) They knew of this deadline on February 13, 2023. (*Id.*) Additionally, the Case Management Order specifically reminds parties that these deadlines carry weight and cautions them to plan their litigation activities accordingly. (Doc. 92 at 4.) Further, the Federal Rules of Civil Procedure state that a Rule 16 scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d

1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Here Defendants did not move to amend the scheduling order but instead filed this dispositive Motion ten months after the dispositive motion deadline and just before the start of trial in a case that has been pending for over four years.

Defendants attempt to show that they have acted diligently to raise the arbitration issue. (Doc. 747-1 at 3–4, 14.) They primarily argue that they first moved for clarification of this Court's prior order regarding whether Defendants were enjoined from seeking to enforce the Agreement against employees that signed it upon being hired. (*Id.*) Only upon receiving the clarification did Defendants then move to compel arbitration. (*Id.*) Defendants frame this clarification as necessary to move for arbitration. (*See id.*) That is untrue.

To begin, Defendants began requiring new hires to sign the Agreement in December 2022. (*Id.* at 4.) This was well before the dispositive motion deadline. (Doc. 428.) Defendants had every opportunity to move to compel arbitration. If they required additional time, Defendants could have also moved to extend this deadline to account for any new employees that may have signed the Agreement. This logic also extends to the supplemental opt-in plaintiffs that the Court allowed in November 2023. (Doc. 605.) Furthermore, nothing in the Court's clarification order granted Defendants the ability to move to compel arbitration. (*See* Doc. 726.) They, in fact, had this ability all along. Nothing in the clarification order implies otherwise. (*Id.*) The Court will not allow Defendants to ignore clear deadlines by leaning on a clarification they initially requested. After all, "[t]he arbitrability of a dispute is a 'gateway' issue, meaning that 'a court should address the arbitrability of the plaintiff's claim at the outset of the litigation.'" *Jin v. Parsons Corp.*, 966 F.3d 821, 827 (D.C. Cir. 2020) (quoting *Reyna v. Int'l Bank of Com.*, 839 F.3d 373, 376, 378 (5th Cir. 2016)); *see also Bogle v. Wonolo, Inc.*, No. 2:21-CV-08878-MCS-KS, 2022 WL 1124973, at *5 (C.D. Cal. Apr. 8, 2022). Of course, the Court cannot engage in this inquiry without being asked to do so.

Ultimately, "district courts have the inherent authority to manage their dockets and

courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Naturally, this extends to enforcing deadlines and ensuring parties abide by the Case Management Order. The Court finds that Defendants did not act diligently in seeking to amend the scheduling order, indeed they failed to do so altogether. Accordingly, the Court will strike Defendants' Motion and keep the current trial date.

For the above reasons,

**IT IS HEREBY ORDERED striking** Defendants' Motion to Strike Claims of Opt-In Plaintiffs and Rule 23 Class Members and Compel Arbitration and to Continue the Trial Date (Doc. 740; 747-1).

Dated this 3rd day of April, 2024.

Honorable Susan M. Brnovich
United States District Judge